ALBANY,
August, 1820.

LUDLOW
v.
HACKETT

---

## LUDLOW *against* HACKETT.

Where a defendant obtains a discharge under the act *for the relief of debtors with respect to the imprisonment of their persons,* (1 *N. R. L.* 348) or under the act *to abolish imprisonment for debt, in certain cases*) passed *April 7,* 1819 (s. ss. 42. ch. 101) the plaintiff may discontinue his suit without paying costs; but if the plaintiff knowing of the defendant's discharge, proceeds in the cause, he must, if he afterwards discontinues, pay the costs accruing since the discharge.

THE defendant was arrested in *May*, 1819, at the suit of the plaintiff, for 2,000 dollars; and in *July* following, was regularly discharged, under the act to abolish imprisonment for debt, in certain cases, passed *April* 7, 1819. (sess. 42. 101.) After the discharge, the attorney for the plaintiff entered the default of the defendant for not pleading, and afterwards entered an interlocutory judgment, and had the damages assessed, on a writ of inquiry. The inquest was set aside in *May* term with costs, on the ground that the damages assessed were on a partnership account of the plaintiff and one *Lambert*. In *June*, the plaintiff's attorney entered a rule for a discontinuance, and gave notice thereof to the defendant's attorney, on the ground of the defendant's discharge as an insolvent debtor under the said act, but refused to pay costs. The defendant's attorney then gave notice, that unless the plaintiff proceeded to execute a writ of inquiry in the cause, in thirty days, a motion would be made for judgment of *non pros.* A motion was accordingly made for a judgment of *non pros.*

*T. A. Emmet*, for the defendant.

*Garr,* contra.

*Per Curiam.* In *Heffernan* v. *Brown,* we decided, at the last term, that where a defendant obtains a discharge under the act giving relief in cases of imprisonment, the plaintiff might discontinue his suit without costs, in the same manner as if the defendant had been discharged from all his debts under the insolvent act. If the plaintiff, knowing of the defendant's discharge, will, nevertheless, go on with the suit, he must, if he afterwards discontinues, pay costs. Let the plaintiff have leave to discontinue his suit on payment of the costs of suit since the defendant obtained his discharge under the late act, and up to the time of the entry of the rule for a discontinuance, exclusive of the costs of the application made at the last term.

Rule accordingly.