NEW YORK,
May, 1826.

Case
v.
Belknap.

---

## Case *against* Belknap.

*On moving for judgment as in case of nonsuit, it is enough prima facie that the defendant's affidavit show that the plaintiff had noticed the cause for trial at the circuit, where it is alleged, he omitted to try, without expressly stating that the venue was laid there.*

*To excuse from trial and costs, on account of the defendant's insolvency, the plaintiff must show that he was discharged under the insolvent act after suit brought, and move to discontinue without costs.*

*That the plaintiff was surprised with a defect of testimony which he could not supply at the circuit, allowed as an excuse from stipulating but not from costs.*

ASSUMPSIT. Grim moved for judgment as in case of nonsuit on an affidavit that this cause was noticed for trial, by the plaintiff for the last Orange circuit, but not tried. The affidavit did not state where the venue was laid; and

Ross objected this as a defect, and cited 3 Caines, 128, 3 John. 446. But

*Per Curiam.* The noticing of the cause for trial in Orange, is, at least, *prima facie* evidence, that the venue was laid there. In the cases cited, it does not appear that they had been noticed for trial.

Ross then read an affidavit to show that the defendant was insolvent; but not that he had been discharged under the insolvent act; and cited 1 John. 141, 143.

*Curia.* Had the defendant been discharged under the insolvent act, after suit brought, we should allow you to discontinue without costs. But we cannot try the fact of insolvency on this motion by mere affidavit. Besides, you do not seek to discontinue.

*Ross* then read an affidavit showing that, on coming to the circuit, the plaintiff was surprised by a defect of testimony, which he could not supply during the circuit, and cited 1 John. Cas. 30.

*Curia.* For this reason, we excuse you from stipulating; but not from costs. (*Jackson* v. *Haight*, 1 Cain. 93.)

Rule accordingly.