## SUPREME COURT.

WILLIAM T. CUYLER agt. ISRAEL COATS AND ISRAEL B. COATS.

Where a plaintiff recovers and becomes entitled to costs against one of several defendants, and the others succeed in their defence, (though on a joint contract,) they are entitled to recover costs against the plaintiff.  (*See Hinds agt. Myers* 4 *How. Pr. R.* 356, *deciding the same way*.)

Where the defence of *infancy* is set up by one of several defendants, the plaintiff may, as to him, discontinue *without costs*, on application to the court, before the trial.

Where items in a bill of costs are not objected to before the clerk or taxing officer, they cannot be considered on objections at the readjustment.

Cuyler agt. Coats.

*Ontario Special Term, Aug.,* 1854.

This action was brought to recover a balance due to the plaintiff from the defendants upon a joint and not several contract. Both the defendants appeared and answered. The defendant, Israel B. Coats, among other things, set up in his answer the defence of infancy at the time he entered into the contract. The action was tried at the Livingston circuit in May, 1854, when the defendant, Israel B. Coats, succeeded in his defence of infancy, and the plaintiff recovered against the other defendant the sum of $139.25 damages. The defendant, Israel B., afterward made out his costs and procured them to be adjusted by the clerk of Livingston county at $57.10, and caused judgment to be entered in his favor therefor. A motion is now made to set aside such judgment for costs, and in case that is not done, to have the costs readjusted on account of some alleged erroneous items allowed by the clerk.

WILLIAM R. KELSEY, *for plaintiff.*

CHARLES C. WILLSON, *for defendant Israel B. Coats.*

WELLES, Justice. Upon the defence of infancy being interposed by the answer the plaintiff might, if he chose, have discontinued as to the defendant setting it up, without costs, on application to the court for that purpose ; or, he might, as he has done, go to trial and compel the defendant to establish it, by evidence. In the latter case, however, he takes the risk of having to pay the costs of the defence of infancy in case it turns out to be successful.

The question whether in any case, where there are two or more defendants, and the plaintiff recovers and becomes entitled to costs against one, and the others succeed in their defence, they are entitled to recover costs,—is settled, and I think correctly, against the plaintiff, in the case of *Hinds agt. Myers and others*, (4 *How. Pr. R.* 356.)

In regard to the items now objected to, it is not shown that they were pointed out and objected to before the clerk, and the objections now made to them cannot therefore be considered.

The motion is therefore denied, with $7 costs.