all that the plaintiffs were required to do, if the right to discontinue existed.

I had doubts whether, when a counter-claim was set up, the plaintiff could discontinue without the defendant's consent, even within the twenty days allowed to reply, notwithstanding the case of Seaboard & Roanoke Railroad Co. a. Ward (1 *Abbotts' Pr. R.*, 46) ; but on examination of the subject, I am convinced that the plaintiffs have the right absolutely in this case. I cannot understand how the defendant's rights can be prejudiced, inasmuch as the claim, if assigned, will be subject to the equities existing between assignor and debtor, and the debtor may be examined in his own behalf, if the assignor should be a witness for the assignee.

[We omit some remarks of the court upon a question raised as to whether the costs due upon the discontinuance had been, in fact, paid.]

## SUNNEY a. ROACH.

*New-York Common Pleas; Special Term, November,* 1856.

### DISCONTINUANCE.—COSTS.

An action brought after an irregular levy and sale, to enjoin the parties from perfecting the sale and to recover damages for the injury already done, is one of those actions in which costs are in the discretion of the court.

A defendant appealed, giving security, from a judgment of a single justice of the N. Y. Marine Court to the N. Y. Common Pleas. Plaintiff disregarded the appeal, and proceeded to levy and sell. Defendant sued to obtain an injunction and damages; but pending the suit, appeals such as had been taken by him were adjudged void by the Court of Appeals. *Held,* that his appeal having been taken in good faith, and conformably to the practice existing at the time, he should be allowed to discontinue his injunction suit without costs.

Motion for leave to discontinue without costs.

This action was brought by Francis J. Sunney against William Roach, George Barstow, Charles F. Watts, and William Hitchman. The defendant Roach sued the plaintiffs and others, in the Marine Court of the city of New-York, and recovered judgment before a single justice of said court for $426$\frac{12}{100}$, from

which judgment the plaintiff and his co-defendants in said action appealed to the general term of this court, giving the security prescribed by the Code. The judgment was recovered on September 26, 1855. On April 7, 1856, the defendant Barstow, who was the attorney for the defendant Roach, caused an execution to be issued out of the Marine Court, upon said judgment, the appeal being still pending; and on May 24, 1856, the defendant Watts, a constable, levied upon and sold certain personal property of the plaintiff, under and by virtue of said execution, to the defendant Hitchman. The plaintiff thereupon brought this action to obtain an injunction restraining the defendants, their counsellors, &c., from doing any act or thing to consummate said sale, and from in any manner molesting, &c., the plaintiff in the enjoyment of his property, &c., and also for the recovery of damages against the defendants Roach and Barstow for the wrongs and injuries sustained by him by reason of the wrongful acts of the said defendants. In consequence of the decision of the Court of Appeals in The People on rel. Debenetti *a.* Clerk of Marine Court (3 *Ante*, 309), the plaintiff now moved for leave to discontinue this action without costs.

*A. R. Lawrence, Jr.*, and *R. T. Andrews*, for the motion.

*George Barstow*, defendant in person, opposed.

BRADY, J.—I regard this action as an action for equitable relief, and not therefore one of the cases included in section 304 of the Code. Not being one of those cases, the costs are within the discretion of the court, and I think this one of the cases in which no costs should be allowed to the defendants, and that the plaintiff should be permitted to discontinue without costs. My reasons are these. The plaintiff appealed in good faith from the judgment of a single justice of the Marine Court to the general term of this court; and that, at the time of the appeal, was the established practice, and the only judgment from which an appeal could be entertained in this court. The appeal was perfected by a compliance with the provisions of the Code, as to security and otherwise, and the defendant notwithstanding caused an execution to collect the judgment to be issued in the court below. The plaintiff then asked the interposition of this court to protect him pending an appeal, and, it is true, asked damages for the interference of the defendants with his property under

the execution. *The object of the application was to restrain the proceedings on that execution.* Security had been given for the judgment; the question of the mode of appeal was in doubt, and the proceedings of the defendants under the circumstances were unnecessary, and though legal, as the result has proved, could not stand by the rules of equity. The plaintiff's appeal in this action was founded upon and justified by the decisions of this court, which were conclusive upon the subject until over-ruled by the Court of Appeals.

If the defendants are dissatisfied, an appeal may be taken.

Ordered that the plaintiff have leave to discontinue without costs.

---

## BEACH *a.* McCANN.

*New-York Common Pleas; General Term, November,* 1856.

### JUSTICE'S JUDGMENT.—PLAINTIFF'S MISSTATEMENT.

*It seems* that a judgment of a justice of a District Court of the city of New-York, is not irregular because the justice suspended the trial of a cause then going on before him, in order to hear the plaintiff's evidence and render judgment.

Where a justice, by statements which are untrue that defendant is not intending to appear, is induced to take up a cause at an unusual time—*e. g.,* while engaged in the trial of another case—a judgment rendered by him in favor of plaintiff will be reversed.

Appeal from a judgment of a justice of a District Court.

INGRAHAM, F. J.—The justice on the day to which the cause was adjourned was engaged in the trial of a cause, which by consent of parties was suspended, and a judgment was rendered in this case, the defendant not appearing. He was induced to take this course on the assurance of the plaintiff that the defendant did not intend to appear. In five minutes thereafter the defendant's counsel appeared; but whether the plaintiff had then left court or not, does not appear.

Whether or not it is regular for the justice to suspend one cause and take up another, it is not material to decide in this case; although I have no hesitation in saying, that with the as-