Bv the Court. Woodruff, J.
Before the Revised Statutes, permitting a plaintiff to discontinue, without costs, where one of two defendants, sued upon a joint contract, interposed a plea of infancy, discharge as an insolvent, &c., appears to have been regarded as resting in “sound legal discretion.”
When a sole defendant obtained an insolvent’s discharge pending the action, the plaintiff was permitted to discontinue without costs. (Hart v. Story, 1 Johns. R. 142; The Pres't, &c., of the Merchants' Bank v. Moore, 2 J. R. 294.)
But in such case it was held, that if the plaintiff, knowing of the defendant’s discharge, will nevertheless go on with the suit, he must, if he afterwards discontinue, pay costs, that is to say, all the costs to which the defendant was subjected after such discharge. (Ludlow v. Hackett, 18 J. R. 252; Merritt v. Arden, 1 Wend. 91.)
In Ex parte Nelson, 1 Cow. 417, the Court of Common Pleas, in an action of assumpsit against two defendants Upon a joint note, allowed the plaintiff, on the trial, to enter a nolle prosequi without costs, as to one defendant who had pleaded and proved his infancy. The Supreme Court refused a mandamus to compel the Common Pleas to allow costs to such defendant, on the ground that it was so far a matter of discretion that a mandamus would not lie, even if the order was improper; the writ of mandamus ..being appropriate only where the party has a strictly legal right, and no other legal remedy. Whether a writ of error would lie in such case, they do not distinctly decide, but they pretty clearly *331 intimate that the discretion of the Court below was properly exercised.
The Revised Statutes committed the subject fully to the judgment of the Judge before whom the trial should be had, in all actions upon contract where there was more than one defendant by providing, that if the plaintiff fail to recover against one, or judgment be rendered in favor of one on plea in abatement, or on demurrer, or by the plaintiff’s discontinuance, such defendant shall not be entitled to costs, unless a certificate be given by .the Court before whom the trial shall be had, &c., &c., * * that such defendant was unnecessarily and unreasonably made a party to such action. 2 Rev. St. [616] Pt. 3, ch. 10, tit. 1, § [20.]
Had the present question arisen under the Revised Statutes, it would have been entirely clear, therefore, that the defendant, Morris, is not entitled to costs; no such certificate was, nor under the views governing the Judge at the trial could have been had.
So that if we could adopt the view urged upon us by the counsel (in citing other sections of the same chapter), that the provisions of the Revised Statutes relating to this subject are still in force, we must hold that the appellant is not entitled to costs.
We are, however, of opinion that the Code has superseded that chapter of the Revised Statutes, and that the correctness of the judgment and order appealed from must be decided according to the true construction of the provisions of the Code.
Prior to the amendments of 1851, it was repeatedly held, that in actions against two or more defendants, if the action was what would have been deemed an action at law, if the plaintiff 'failed to recover judgment against all of the defendants, those against whom he did not recover were entitled to costs as a legal right— and that the discretion given by § 306, applied to equity suits only.
But in 1851, by the words “in all actions,” the Legislature have given to the section a more comprehensive meaning than it was before supposed to import.
Now, “ in all actions where there are several defendants" not united in interest, and making separate defences by separate answers, and the plaintiff fails to recover judgment against all, the Court may award costs to such of the defendants as have judgment in their favor or any of them.”
*332 If, under this section, the allowance of costs lay in the discretion of the Court, we do not hesitate to say that we should not interfere therewith! If the facts appearing on the trial'were, as seemed to be conceded on the argument of the appeal, the language of Savage, Ch. J., in Ex parte Nelson, seems singularly apt to the present case; “the defendant asks for. costs with á very ill grace when he. has first palmed himself'upon the plain: tiff as an adult, and thus obtained his property,' and then pleads infancy in his discharge.”
The case before us is an action in which. there are several defendants, making, separate defences by separate answers, and the plaintiff has failed to recover judgment against all. It only remains, then, to consider whether these defendants were “united in interest,” within the meaning of § 306.
If they were not,'then it was not erroneous in the Judge to deny costs to the appellant. If they were .united in interest, then the terms of the previous sections, 304 and 305, give costs to the appellant, as matter of right, and we must reverse the judgment in this respect.
Prima facie, the defendants were jointly interested in defeating a recovery. The liability upon the notes was in form joint, and prima facie, a judgment thereupon would bind both defendants, and their joint property, if any, and the several property of each; and if either paid, the judgment, the other would be bound to contribute his share in reimbursement. So that there was upon the face of the notes an apparent and complete union of interest in the two defendants.
But I apprehend, that this is not conclusive; if, in truth, the two defendants were not united in interest under the issues made between the parties, there is room to satisfy'the terms of the section, and preserve to the Court a highly just and equitable discretion to relieve the plaintiff ffom paying costs.
.According to the decisions before the Code, the plaintiff-was bound by law to make Morris a defendant, (even though he knew all the facts,) and yet against him, upon .the answer wMch he put m, the plaintiff could by no possibility recover.—Van Premier v. Cooper et al., 2. J.,R. 279. JTartness v. Thompson et. al., 5 J. Ri 160. Mason'y. Denison et al., 15 Wend. 64.
Whether the plaintiff was, under the Code, bound to make the *333 infant a party defendant, though he knew him to.be an infant, it is not necessary for us to decide. The decision in Slocum v. Hooker, 13 Barb. 536, is, that the rule is the same now as it was before the Code was enacted.
The moment the defendants severed in their defence, and the appellant rested upon his plea of personal exemption from liability, the interest of the defendants not only ceased to be even prima fade united, but became clearly adverse to each other. If he succeeded in establishing his infancy; the whole liability was cast upon his co-defendant, who must pay the whole without a right to require contribution from the appellant. And on the other hand, (his infancy being, so far as appears by the case, his sole defence) if he failed to establish his infancy, judgment must go against him, and it may be (as the defence of the other defendant is hot before us,) whether the co-defendant established his defence or not.
The appellant proved the infancy he had alleged, and then, not merely according to the state of the pleadings, but according to facts established, the defendants were not united in interest, and therefore, when the order was made, it appeared that the parties, according to the very truth of the matter, were not united in interest when the action was commenced.
In this action, then, upon the issues made by the parties, as the same came before the Court for trial, and upon the facts established by the evidence, the interest of the two defendants was diverse and antagonistic. I think that this may properly be held, to satisfy the words “not united in interest,” in the section under consideration. This construction is far the most reasonable, and better enables the' Court to do justice. I am quite unwilling to believe that the Legislature intended to deprive the Court of the power to permit a discontinuance without costs, where an insolvent’s discharge was obtained, pending an action ; or where an infant concealing his infancy, makes a contract whereby he obtains the money or properly of another who learns, for the first time, after action brought, that he has dealt with one who has not legal capacity to make a binding contract. And yet, if this power is not derivable from section 306,1 do not find that the Court could permit, such a discontinuance, though proposed at the earliest moment the facts were discovered, *334 (By this, I of course do not mean that if the defendant came to ask leave to interpose such a plea after having once answered, a condition might not be imposed involving such a privilege.)
The construction of the section, (306,) which I have above given, is intimated in Slocum v. Hooker, in the opinion of Justice Parker, 13 Barb. 541, who says on this subject, in reference to the discretion given by the Revised Statutes, that under § 306, there is room for the same exercise of discretion.
It was urged on the argument that the plaintiff should have discontinued so soon as he received the answer, and should not have put the defendant to the necessity of proving its truth. There may often be cases in which the plaintiff is perfectly aware of the infancy of one of the defendants, and makes him a party only because the contract being joint, and as to the infant voidable only, he cannot know whether he will set up such a defence; and in such cases the Court might feel it just to give costs to the infant, if knowing the truth of the answer, the plaintiff put the defendant to the expense of proving it. But I cannot sanction a precedent which would require a plaintiff, in all cases, to take the word of the infant, and abandon the prosecution, because the defendant says that he is such infant, and therefore not bound by his contract. The plaintiff may, frequently, have convincing reasons for believing that the answer is untrue—these may sometimes be representations of the defendant himself when making the contract—or his long continued holding himself out as an adult, carrying on business as such, and with a personal appearance warranting the plaintiff’s belief.
Such circumstances may properly be considered by the Court, when leave to discontinue is applied for, and doubtless such, circumstances were properly considered in the present case,
I think the judgment and order should be affirmed.
Ordered accordingly.