Hyde v. Van Valkenburgh.

WILLIAM H. HYDE *and* JOHN S. HYDE *v.* AARON VAN
VALKENBURGH.

A plaintiff cannot anticipate that a person, jointly liable with the defendant,
would avail himself, if made a party to the suit, of the defence of the Stat-
ute of Limitations, and on that ground omit to make such person a party
defendant.

To justify the omission of a person as a party defendant in an action against
a co-partner on a partnership obligation, it must appear by averments in the
complaint, which lead to no other conclusion, that the legal obligation of
such person had absolutely ceased.

APPEAL by the defendant from an order made at Special
Term directing judgment for the plaintiffs on the ground that
defendant's demurrer was frivolous; and also from the judg-
ment entered on said order.

The complaint sets out several notes made by the defendant
and his then co-partner, one John R. Cooper, under their firm
name of Van Valkenburgh & Co.; that the said co-partnership
has been dissolved, and that since such dissolution, and within
six years, the defendant had made payments on said notes.

The complaint also contained the following allegation:

"Plaintiffs further show, that the causes of action hereinbe-
fore set forth, accrued more than six years before the com-
mencement of this action, and that by reason thereof, the said
John R. Cooper is not joined as a party defendant herein, as
he is discharged by the Statute of Limitations."

The defendant demurred on the ground of defect of parties
defendant; judgment was ordered for the plaintiffs on the
ground that the demurrer was frivolous. The Court was asked
to permit the defendant to answer, which request was refused,
and thereupon the defendant appealed.

*R. H. Huntley,* for appellant.

I. Although the Statute of Limitations had run against
Cooper, that did not extinguish the debt as to him. The
Statute of Limitations proceeds upon the expediency of refus-

ing to enforce a stale claim, and not upon the probability that a stale claim has been paid. It is a statute of repose, and not of presumption (1 Parsons on Contracts, 343). The statute therefore recognizes the existence of the debt, but considers it inexpedient to revive it after a certain length of time. (Chitty on Contr., 806; *Winchell* v. *Bowman*, 21 Barb., 448; *Esselstyn* v. *Weeks*, 2 E. D. Smith, 119; 12 N.Y., 637; *Clark* v. *Atkinson*, 2 E. D. Smith, 114; *Sands* v. *St. John*, 23 How. Pr., 140.

II. The original contracts (the notes in suit) are joint contracts, and therefore " the joint contractors must all be sued, although one has become bankrupt and obtained his certificate, for if not sued the others may plead in abatement" (1 Chitty Pleadings, 42 *Slocum* v. *Hooker*, 13 Barb., 536). In this case, Cooper should have been joined in the action, for he might not have availed himself of his defence by pleading the Statute of Limitations.

III. It is evident that had there been no payment by the defendant, the action might have been brought against both defendants. But clearly in this case, both co-partners must be joined, and both might interpose the statute as a defence. And this proves conclusively that in the present case both partners should have been joined. The contract was joint, and the joint contractors were entitled to be sued together, and to interpose any defence they may have to the action.

IV. Assuming that the statute is a valid defence as to Cooper, and severs the contract so that his co-partner may be sued alone, the complaint must show that Cooper's defence is complete, by alleging that he has done nothing to avoid this defence, as by part payment, new promise or absence from the State.

*Platt, Gerard, and Buckley,* for respondents.

I. A demurrer is frivolous which demurs on a ground already conclusively decided by reported cases (*Bank of Wilmington* v. *Barnes,* 4 Abb., 226; *Phelps* v. *Ferguson,* 9 Id., 206; *Strong* v. *Stevens,* 4 Duer, 668). It has been conclusively decided that a payment by *one* partner, or *joint* maker, does not revive the liability as to the other (*Bloodgood* v. *Bruen,* 8 N. Y., 362; *Shoemaker* v. *Benedict,* 11 N. Y., 176; *Eagert* v.

*Vermilyea,* 10 Barb. 32; *Van Keuren* v. *Parmlee,* 2 N. Y., 523; *N. Y. Life Ins. Co.* v. *Covert,* 29 Barb., 435; *Winchell* v. *Hicks,* 18 N. Y., 558). Therefore, this demurrer being in the teeth of all these decisions, is frivolous.

II. As to severing, against a joint debtor. Even in case of a joint debtor being out of the State, you can sue the joint debtor in the State *alone* (*Brown* v. *Birdsall,* 29 Barb., 549). Much more when the cause of action against one party *is entirely gone.* As soon as the Statute of Limitations arises, the joint liability is technically severed and gone. The new liability is several and distinctive, and arises on the *new promise* based on the old moral consideration. The former joint parties are no longer united in interest (*Van Alen* v. *Feltz,* 32 Barb., 139; *Winchell* v. *Hicks,* 18 N. Y., 560).

III. It is *allowable* under the Code for a plaintiff to set forth a defence, and make averments avoiding it, although there are decisions that it is not necessary. But here we do not set up a defence as to the party sued, but a legal reason for not suing a party not sued (*Bloodgood* v. *Bruen,* 4 Selden, 372).

DALY, F. J.—I agree that the order made at Special Term should be reversed. The cases of *Bovill* v. *Wood,* 2 M. & S., 23, and *Slocum* v. *Hooker,* 13 Barb., 536, and *Wilmsby* v. *Lindenberger,* 2 Rand., 478, are decisive upon the point that a plaintiff cannot anticipate that a defendant will avail himself of a defence of this character. He may have another defence to the note, and if he have, and establish it, he may plead the judgment as a bar to any other action, an advantage of which he would be deprived, if the plaintiff were allowed to bring the action against the other co-partner alone. The contract is a joint one, and no inconvenience can arise from requiring the plaintiff to bring the action against both partners, for if Cooper should set up the Statute of Limitations, a defence of which he may or may not avail himself, the plaintiff would be allowed to discontinue as to him, without costs (*Ex parte Nelson,* 1 Cow. R., 417; 2 Rev. Stat., 616, § 20; Code § 306; *Ludlow* v. *Hackett,* 18 Johns., 252; *Slocum* v. *Hooker,* 13 Barb., 540).

The order should be reversed.

BRADY, J.—The allegation intended to justify the omission to make the defendant Cooper a party, is not broad enough. Assuming it to be a sufficient statement that he was not absent from the State, and therefore that the running of the Statute of Limitations was not intermitted, it is deficient because it does not also state that he neither made a payment, which prevented the operation of the statute named, nor a new promise to pay. It does not follow from a mere expiration of six years, that the remedy of the plaintiffs against Cooper was destroyed, and it is the right of the other defendant to have him joined, unless he has been discharged by law. That the legal obligation of Cooper has ceased, if it form a basis of proceeding against his co-partner alone, must appear by aver·ments which lead to no other conclusion. For these reasons I think the order at Special Term should be reversed with ten dollars costs, to abide the event of this action.

CARDOZO, J., concurred.

Order reversed.