JACOB STAIGER v. JACKSON S. SCHULTZ and Others.

*Costs in Equity cases, in discretion of Court giving.*—Code, §§ 304, 305, 306.

In equity cases the giving or withholding of costs rests on the discretion of the Court, and that discretion this Court cannot control.

Bookes, J.—This is an appeal from the judgment of the General Term of the Court of Common Pleas of the City and County of New York, affirming the judgment of the Special Term, by which the action was discontinued, without costs. The action was in equity, to restrain the Defendants from enforcing against the Plaintiff the Act of the Legislature, passed April 14, 1866, entitled " An Act to regulate the sale of intoxicating liquors within the Metropolitan Police District of the State of New York," on the ground that the act was unconstitutional and void. The Plaintiff in his complaint demands judgment that the act alluded to be adjudged invalid, and that the Defendants be enjoined and restrained from enforcing its provisions against him.

The pretence of invalidity set forth in the complaint was determined by this Court adversely to the Plaintiff's claim, and therefore, on motion, he was permitted, by an.order to that effect, to discontinue the action, without costs, and judgment of discontinuance, without costs, was entered accordingly. The Defendants protest against the order and judgment, in so far as it deprives them of the costs of the action.

It is first insisted that the Defendants were entitled to costs, as a matter of legal right, on dismissal of the complaint, or its equivalent, the discontinuance of the action ; and sections 304 and 305 of the Code of Procedure are relied on in support of this position. As these sections stood prior to the amendment of 1862, no question could arise. Prior to that amendment costs were most clearly in the discretion of the Court, in equity actions. Section 304 declared that costs should be allowed to the Plaintiff upon a recovery in the cases therein specified, among which were actions of which, " according to section 54, a court of a justice of the

peace has no jurisdiction." Section 305 provided that costs should be allowed of course to the Defendant in the actions mentioned in section 304, unless the Plaintiff was entitled to costs therein; and by section 306, in other actions costs were to be allowed or not, in the discretion of the Court. The *other actions* here alluded to embraced equity actions, in which costs were to be given or withheld, as the Court should direct. This is very plain—indeed, is conceded by all. But by the amendment of 1862, the words, "*according to section* 54," were omitted in subdivision 3 of section 304, and it is insisted that, as the section now stands, the Plaintiff is entitled to costs *in all cases* of a recovery by him, in an action of which a justice of the peace has no jurisdiction, and, as a consequence, by section 305 the Defendant must have costs *in all such cases* if the Plaintiff be not entitled to costs. This construction, however, renders meaningless the first subdivision of section 306, which declares that " in other actions costs may be allowed or not, in the discretion of the Court." It is indisputable that this paragraph embraced equity actions prior to 1862. It was introduced principally, if not solely, with a view to a fair and just imposition of the burdens of litigation according to the equities of the particular case. This right had been exercised by courts having equity powers from time immemorial, and was always deemed essential to the proper exercise of equity jurisdiction. We cannot believe that the Legislature intended to effect so great a change, in the absence of an express declaration to that effect. Had such an intention existed, it would not have been left, as we conceive, to mere construction. Especially must we so conclude when such construction renders other provisions of law nugatory.

All the provisions bearing on the subject under consideration should be read together, and should be so construed as to take effect in harmony. Governed by this rule of interpretation, the right to give or withhold costs to a party in equity cases, rests in the discretion of the Court, as declared by section 306, and such discretion it is not in the province of this Court to direct or control.

Again, it has always been the practice to permit actions to be

discontinued in the discretion of the Court, without costs, even in suits at law, when the Defendant had obtained a discharge under the insolvent laws, and in many other cases. Such permission existed as a matter of practice, resting in the discretion of the Court, and could not be considered on appeal.

The numerous cases cited by the Appellants' counsel, showing in what instances the Court of original jurisdiction will refuse permission to discontinue without costs, have no pertinency in this Court. Those cases were proper for the consideration of the Court on the hearing of the application. They were authorities on the question of practice in that Court. But this Court has not the power to correct errors of practice in the inferior courts. We are also cited to various statutes in relation to costs, and particularly to 2 R. S. 613, § 1, which provides that a Plaintiff, on dismissing his bill or petition, in a court of equity, shall pay to the Defendant his costs, to be taxed, except in certain cases there specified. But the Code abrogated these statutory provisions, and declared when, and under what circumstances, parties were entitled to recover costs, and they can now have them in no other cases.

We are of the opinion that the order and judgment appealed from must be affirmed, but without costs of appeal.

This conclusion disposes of the appeal in Grace *v.* The Same Defendants.

Affirmed, without costs of appeal.