# COURT OF APPEALS.

Prosper M. De Barante, respondent agt. William Deyermand, executor, &c., of Charles Coates, deceased, appellant.

An appeal from an order of discontinuance without costs does not lie to this court; because such an order is within the discretion of the court, and because, on a dis--continuance, the claim to costs does not constitute a substantial right of the suitors within the meaning of subdivision 2 of section 11 of the Code. On application for leave to discontinue in actions at law, the supreme court is endowed with equity powers as to the question both of discontinuance and costs, and may, in its discretion, discontinue an action without costs.

This power is properly exercised in a case where the defendant and his attorney, when refusing to pay the demand, withheld from the plaintiff information of a release of the cause of action, of which release the plaintiff was ignorant, and, after suit brought, omitted to plead it in the answer, but, when the cause was ready for trial, disclosed it to the plaintiff, and claimed to use it as a defense to the action. *

*September Term,* 1869.

This is an appeal from an order of the general term of the first district, affirming an order of the special term, discontinuing this action without costs.

The complaint alleged a cause of action against the defendant, as executor of Charles Coates, deceased, one of the

---

* Note.—This case is very imperfectly reported in 41 *N. Y.*, 355. Not only is part of the case omitted entire; but the head-note contains the lucid legal proposition, that the order 'appealed from, "although expressly made appealable to this court by the Code, *is not reviewable here.*" It has generally been supposed, that this court has the power to review whatever question was made appealable to it by statute. If not it might as well be abolished. If a statute makes an order, the decision of which is simply and purely a matter of *discretion* in the court below, appealable to the court of appeals that very statute is authority for the review of the order by the court. The power of review comes from the legislature through the statute which makes the order appealable to the court. But the difficulty in this case is that the order of discontinnance of the action is not appealable by the Code or otherwise, as it does not affect a substantial right—the question being whether the discontinuance should be *with or without costs*, which was a matter of discretion in the court below.—Rep.

Barante agt. Deyermand.

firm of Wait & Coates, for the sum of $3,100, had by that firm to the plaintiff's use.

The answer was a general denial, and a plea of the statute of limitations.

The cause was referred to a referee to hear and determine, and, after one or two appointments, the defendant's attorney made known to the plaintiff's counsel, that he had a release of the cause of action from the plaintiff's trustee to the defendant's testator, given when the two dissolved a partnership which had previously existed between them, and informed him that the plaintiff had better discontinue his suit as the release was a perfect defense—and a trial would be useless.

The defendant had promised to pay the claim, and kept the plaintiff in waiting nearly two years; when he denied his liability altogether, but never informed the plaintiff of this release. The plaintiff knew nothing about the release, and defendant concealed the fact that the plaintiff's trustee had executed such a release to his partner, the defendant's testator.

The plaintiff then made a motion for leave to discontinue his action without costs, and the motion was granted, and the action discontinued.

The defendant appealed from this order to the general term, and the same was affirmed, and from the order of the general term, the defendant has appealed to this court.

SAMUEL HAND, in behalf of THOMAS B. MORROW, attorney for the appellant,

Insisted that the right to costs was a substantial right, and cited McGregor agt. Comstock, (19 N. Y., 381;) Burhans agt. Tibbits, (7 How., 74;) McGrath agt. Van Wyck, (3 Sandf., 750;) Giles agt. Hulbert, (2 Kern., 32.)

And the action being for the recovery of money simply, the defendant is entitled to costs, as a matter of right, where the plaintiff is not. The plaintiff cannot be entitled to costs where there is a discontinuance. (Code, sections 304, 305; Butler agt. Morris, 1 Bosw., 329.)

WILLIAM J. MARRIN, *for the respondent.*

I. The order is not appealable to this court, because it does not affect a substantial right, *(Code, section,* 11,) and, being made in pursuance of a power unlimited by law, it is of necessity discretionary. (3 *Keyes,* 616.)

II. If appealable, the order should be affirmed. (1.) The power of the court to make it was clear. Discretion as to costs being oneof the powers of a court of equity, and the supreme court being endowed with equity powers, those powers are full except where limited by statute, and embrace, therefore, the question of costs on discontinuance which is not dependent on the statute. (2.) The court has always exercised its discretion in exempting the plaintiff from costs on discontinuance for any valid equitable cause. (10 *How.,* 141; 18 *How.,* 10; 1 *Bosw.,* 329; 19 *How.,* 413; 4 *Abb.,* 16; 4 *Hill.,* 592; 1 *How.,* 122; 1 *Wend.,* 91; 18 *Johns.,* 252; 5 *Abb.,* 230.) (3.) The order was properly granted in this case on account of the notable misconduct of the defendant.

MASON, J.—The first question, which arises on this appeal, is whether an appeal will lie to this court from an order of the general term, affirming the order of the special term, discontinuing this action without costs.

The second subdivision of section eleven of the Code allows an appeal to this court, from an order affecting a substantial right made in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action, *(Code,* § 11, *subd.* 2). This order discontinues the action, and the only question in the case is, whether it affects a substantial right.

I do not think the defendant's claim to costs, at the stage of the action when this suit was discontinued, can be regarded as a substantial right. A substantial right must be

one, not only involving some material interest, but existing absolutely by force of law. While the suit is pending and undetermined the claim to costs does not constitute an absolute right. They are a mere consequence attached by law to a final judgment on the question of a substantial right, and they become a substantial right of the suitor only on such final determination and judgment upon the rights of the parties in the action.

The rule in regard to costs, where the court grants leave to the plaintiff to discontinue his action without bringing the issues to trial, cannot be said to be one absolutely of law or resting in absolute legal right. The question of costs, in such cases, rests upon the practice of the courts, depending very much upon discretion. The courts have allowed or disallowed them, as they have deemed the claims to them just or unjust. In actions at law, the supreme court has always regarded itself, upon such applications for leave to discontinue, as endowed with equity powers over the question, both of discontinuance and costs. I will not go over the cases where the supreme court has assumed to exercise this power, but will barely refer to the following cases, where the supreme court has claimed and exercised this power, and they extend through the whole judicial history of the state. (18 *Johns.*, 252; 1 *Wend.*, 91; 4 *Hill*, 592; 1 *How.*, 122; 10 *How.*, 141; 18 *How.*, 10; 19 *How.*, 413; 4 *Abb.*, 16; 5 *Abb.*, 230; 1 *Bosw.*, 329), and the practice of the supreme court, in this respect, seems to be approved by this court in *Staiger* agt. *Shultz*, (3 *Keyes*, 614-616). Judge BOCKES, in speaking for the court, at page 616, says: "It has always been the practice to permit actions to be discontinued in the discretion of the court without costs, even in suits at law, when the defendant had obtained a discharge under the insolvent laws and in many other cases. Such permission existed as a matter of practice, resting in the discretion of the court, and could not be overruled on appeal."

I am of opinion, for the reasons stated, that this appeal should be dismissed.

If the order appealed from is to be reviewed in this court, then it should be affirmed.

The defendant and his counsel knew that they had this release, and omitted to plead it; but when the cause is ready for trial, they present the release to the plaintiff's counsel and inform him that he may as well discontinue his action, as they have the release which is a perfect defense to the action, and they claim it as such. It is true, they had not pleaded it, and could not have given it in evidence under the pleadings, as they stood; but they did claim it and insist upon it as a defense, and the court would have allowed them to set it up and would, undoubtedly, if such an application had been presented to the court, have allowed the plaintiff to discontinue his action, without costs, as a condition, if the plaintiff had desired to do so.

The defendant, having presented the release and insisted on it as a complete bar to the action, has got just what he would have got when he came to make his motion for leave to plead the release, and I do not see that he has any reason to complain. The defendant knew of this release, which his testator had obtained from his partner in business, who was the plaintiff's trustee, and concealed the fact from the plaintiff and allowed him to bring this action in ignorance of any such defense; and the presentment of it, after issue joined in the action, was a surprise, to the plaintiff.

The case was one, therefore, where it was very proper to allow the plaintiff to discontinue his action without costs. At any rate, it was allowed by the legal discretion vested in the supreme court, and which is not reviewable in this court on appeal.

Appeal dismissed, with costs to respondent.

This is correct, and I have no objection to your publishing it.　　　　　　　　　　　　　CHARLES MASON.