## New York Marine Court.

*Special Term—November*, 1876.

## CHARLES WENZEL *against* MARTIN MURPHY AND ANOTHER.

The court has power to allow any action to be discontinued without costs at any time prior to final judgment.

Motion for leave to discontinue without costs.

*Creevy & Clarke*, for motion.

*Horne & Sanders*, opposed.

McADAM, J.—The defendants were managing and running a business at Nos. 2, 4 and 6 Tompkins street, under the firm name of Murphy & Carpenter. Murphy signed the firm name to the note in suit, without disclosing the names of the members of the firm, and excuses such omission by saying that he was not specially called upon by the plaintiff to make such discovery. The plaintiff sued the defendants upon the note, and thereupon ascertained for the first time that the defendants were the mere superintendents of the business, while their respective wives were the actual owners of and business partners in the concern ; that the signing by the defendant Murphy was for the firm, by its authority. Upon this state of facts, the plaintiff applies for leave to discontinue the action without costs, to the end that he may prosecute the real parties in interest—*i. e.*, the wives of the defendants—upon their liability as partners, upon the same cause of action. The power to allow the discontinuance without costs of a common law action has been affirmed by the court of appeals in two cases

(see Barante *v.* Deyermand, 40 *How. Pr.* 180; S. C., 41 N. Y. 355; and also Staiger *v.* Schultz, 3 *Keyes*, 614, 616). The court, in the first case cited, says: "The rule in regard to costs, where the court grants leave to the plaintiff to discontinue his action without bringing the issues to trial, cannot be said to be one absolutely of law, or resting in absolute legal right. The question of costs in such cases rests upon the practice of the courts, depending very much on discretion. The courts have allowed or disallowed them as they have deemed the claims to them just or unjust. In actions at law the supreme court has always regarded itself, upon such applications for leave to discontinue, as endowed with equity powers over the question both of discontinuance and costs." The practice of the marine court must, in this respect, conform to that of the supreme court (*L.* 1872, c. 629, § 2), and, following the rule as laid down by the court of appeals, the plaintiff, under the circumstances disclosed, will be allowed to discontinue the action upon payment of $10 costs of motion.

**Discontinuance without costs allowed in the following cases.** —On plea of infancy: Cuyler *v.* Coats, 10 *How. Pr.* 141; and see Wellington *v.* Classon, 18 *Id.* 10; Butler *v.* Morris, 1 *Bosw.* 329. On change of practice in the court: 4 *Abb. Pr.* 16. On defendant obtaining insolvent's discharge: Merritt *v.* Arden, 18 *Johns.* 91; Ludlow *v.* Hackett, 1 *Wend.* 252; Park *v.* Moore, 1 Hill, 592; Smith *v.* Allen, 1 *How.Pr.* 122. The mere fact of insolvency not enough: 6 *Johns.* 333; 5 *Cow.* 522. On it appearing that defendant is a foreign consul: Taaks *v.* Schmidt, 19 *How. Pr.* 413; and see generally, 6 *Hill*, 246; 4 *Id.* 529; 1 *Hall*, 145; 8 *Cow.* 121. Where it appeared that three persons used a name indicating that they were incorporated— *Held*, that the plaintiff might amend or discontinue without costs: 17 *Abb. Pr.* 318, note.

The new Code upon the subject, Section 3,229, allows costs to the defendant as "of course, upon the rendering of *final* judgment." The word "final" is new. Section 3,230 provides that "except as before prescribed, the court may, in its discretion, award costs to any

party upon rendering a final judgment." The intention being to leave the question of costs, in every case, before final judgment, discretionary with the court. See *Throop's Code, notes to said sections;* 10 *W. Dig* 203.