By the Court.—Freedman, J.
As a general rui- . when a defendant, pending the action, obtains an u *514 solvent’s discharge, or a discharge in bankruptcy, the court, in the exercise of its discretionary power, will permit the plaintiff to discontinue- without costs (Hart v. Story, 1 Johns. 143; Merchants’ Bank v. Moore, 2 Id. 294; Case v. Belknap, 5 Cow. 422; Labron v. Woram, 5 Hill, 373).
But where the plaintiff, knowing of the defendant’s discharge, nevertheless goes on with the suit, he will be required, if he afterwards discontinue, to pay the costs to which the defendant was subjected after the discharge (Ludlow v. Hackett, 18 Johns. 252; Merritt v. Arden, 1 Wend. 91; St. John v. Hart, 16 How. Pr. 192).
In granting the motitin for leave to discontinue without costs, the court does not proceed on the idea that the defendant may defeat the plaintiff by pleading his discharge, but on his plain inability to pay, evidenced by the discharge, on account of insolvency or bankruptcy,, the debt which otherwise he would be bound to pay (Honeywell v. Burns, 8 Cow. 121).
But the plaintiff must come with good grace, and upon all the facts disclosed it must appear to be equitable and just that he should be thus relieved, or the court will not interfere. If it conclusively appears that he never had a cause of action, the case does not fall within the rule, unless he shows that he was misled by appearances, created by the defendant, into bringing the action.
In the case at bar the defendants, Amos C. Bell and Jared W. Bell, were partners. As such partners they gave fhe plaintiff their promissory note for $4,000. Afterwards they dissolved partnership. After the dissolution the plaintiff agreed with Amos C. Bell that if. the latter would pay one-half of the note, he should, be entirely released and discharged. Amos C. Bell did so, paying part in cash and giving his notes for the balance, which he afterwards paid. The plaintiff then, *515 in violation of his agreement, sued him jointly with the other partner to recover the balance of the firm’s indebtedness. The court .of appeals .decided that the individual notes of Amos C. Bell, so given, constituted additional security ; that their execution and delivery conferred an advantage and benefit upon the plaintiff, constituting a sufficient consideration for the agreement ; that the agreement was valid and legal, independently of .the act of 1838 relating to compromises by partners and joint debtors; and that, in view of the existence of a new and sufficient consideration in fact, the rule that a release of one of several joint debtors must be under seal had no application to the case. This decision conclusively establishes that,' upon the facts as they have been disclosed, and which were well known to the plaintiff before the commencement of the action, the plaintiff should never have brought the action. The court of appeals also awarded costs to Amos C. Bell to abide the event.
On the motion below, this state of 'facts was not changed. It appeared, however, in addition, that the petition of Amos 0. Bell in bankruptcy was filed December 1, 1877; that on February 17, 1879, the plaintiff and all the creditors of- the said Bell were notified that the application for a discharge would be heard March 2, 1879, and that on April 1,1879, the discharge was granted. The appeal to the court of appeals was perfected in March, 1878, by the giving of an undertaking executed by Thomas H. Greer, as one of the sureties, and while the appeal and the bankruptcy proceedings were pending, Thomas II. Greer purchased the judgment against Bell from the plaintiff, and indemnified the plaintiff, and employed a new attorney, and through him opposed the appeal of his principal. The plaintiff had claimed that his claim against Bell was secured by a former assignment and was not affected by the proceedings in bankruptcy, *516 and he evidently expected to be successful in the court of appeals and have the benefit of the security on .the appeal. Greer, when he became the purchaser, acted upon the same idea with the view of fastening a liability upon his co-surety.
The appeal in the court of appeals was argued on both sides, April 7, 1879, and the decision rendered April 25, 1879. After the remittitur had been filed, Greer, in the name of the plaintiff, made the motion for leave to discontinue without costs. Messrs. Birdseye, Cloyd gnd Bayliss, who acted as attorneys for Greer on that motion, had been the attorneys for Amos C. Bell on his application for a discharge in bankruptcy, and they had also been the attorneys and cousel for Greer in proceedings taken against him by the plaintiff during the pendency of Bell’s proceedings in bankruptcy, and under their advice Greer purchased plaintiffs’ claim.
It therefore appearing, not only that the action was originally brought on a claim which had no, existence, and that Amos 0. Bell is not responsible, by the creation of false appearances, for the bringing of it, but also that the plaintiff has no further interest in the claim, and that Greer purchased it on a speculation and with knowledge of at least the pendency of Bell’s application for a discharge, and upon, as must be assumed, a calculation of the apparent chances in his favor, the application for leave to discontinue without costs does not commend itself to the favorable consideration of the court.
The order appealed from should be affirmed with costs.
Curtis, Ch. J., concurred.