# City Court.

*Special Term—May, 1887.*

## G. WELLS ROOT et al. *against* ROSALIE HERMAN et al.

**Suit against Joint Contractors where One is an Infant.** In an action against partners all must be joined as defendants. If one pleads infancy the action may be discontinued as to him and proceed to judgment against the other defendants.

Motion for leave to discontinue action as to defendant, Max Herman, on plea of infancy.

*Thomas H. Barowsky,* for motion.

*Horwitz & Hirschfield,* opposed.

McADAM, Ch. J.—As a rule, an infant is not liable as a partner (1 *Parsons on Cont.* 7th ed., bottom p. 354). The rule has its exceptions (120 *Mass.* 324). In an action against the firm, the infant should be joined as a party defendant, because the defense is personal to him (*Barbour on Parties,* 2 ed. 116 ; 1 *Daly,* 416). Where, in an action on contract, the defendant pleads non-joinder of his copartner as a defendant, a reply that such copartner is an infant is bad on demurrer, as the contracts of an infant are voidable, not void (Slocum *v.* Hooker, 13 *Barb.* 536). The correct practice is to join all the parties as defendants. If one pleads infancy the plaintiff may enter a *nolle prosequi* against such defendant, and proceed to judgment against the other defendants (See cases collated in 13 *Barb.* 540, and 1 *Daly,* 416).

The adult defendant is in default, and, as the infant defendant has pleaded infancy in defense, the action may be discontinued as to him without costs (1 *City Ct.* 262).