Macomber and Corlett, JJ., concurred.

Order appealed from affirmed, with costs.

---

WILSON AGAR and ALANSON BURR, Respondents, *v.* MARY J. TIBBETS, as Executrix of the Last Will and Testament of JASPER KEENEY, Deceased, Appellant.

*Award of costs on the discontinuance of an action — final judgment not essential to — when costs allowed — judgment of Justice's Court, docket thereof in county clerk's office creates no presumption of jurisdiction.*

Under sections 3228 and 3229 of the Code of Civil Procedure the words, "upon the rendering of final judgment," do not limit the right of either party to costs, to the case, alone, in which the action is prosecuted to final judgment, and the defendant in a common-law action will have the costs, which have already accrued, awarded to him by the court as a condition of the discontinuance of the action by the plaintiff, except in a case where such an award of costs would work manifest injustice to the plaintiff.

An unexpected decision of the Court of Appeals, which renders useless the further prosecution of an action, is not a ground for exempting the plaintiff, seeking a discontinuance thereof, from the payment of the costs which have already accrued in the action.

*Sunney* v. *Roach* (4 Abb. Pr., 16) distinguished.

Although, by the filing of a transcript of the judgment of a Justice's Court it becomes a judgment of the County Court for the purpose of its execution, yet it does not thereby obtain the benefit of the presumption of jurisdiction which attaches to judgments rendered in the County Court.

APPEAL by the defendant from an oraer granted at a Special Term held in Erie county, and entered in the Wyoming county clerk's office on the 15th day of October, 1889.

The order appealed from provided " that the above-entitled proceeding be and hereby is discontinued upon the payment by said Burr and Agar to the defendant, of the costs and disbursements of the appeal to the General Term of this court in this proceeding heretofore taken from the orders and judgment of the Special Term, and the fees of the referee appointed herein September 2, 1889, and without other costs."

*G. W. Harding*, for the appellant.

*E. E. Charles*, for the respondents.

DWIGHT, P. J. :

The proceeding was by reference, under the statute, of a disputed claim against the estate of a deceased person. The claim was based upon an alleged judgment of a Justice's Court against the defendant's testator. On the trial before the referee the plaintiffs gave no evidence of the judgment or of the jurisdiction of the Justice's Court, except by the transcript of the judgment filed in the clerk's office of the county. The referee reported in favor of the plaintiffs, and his report was confirmed at Special Term, and judgment was entered thereon. On appeal to this court the judgment and order were reversed on the ground that there was no presumption of the jurisdiction of the Justice's Court; that although by the filing of the transcript the judgment became a judgment of the County Court for the purposes of its execution, yet that it did not thereby obtain the benefit of the presumption of jurisdiction which attaches to

judgments *rendered* in the County Court; and that the fact of jurisdiction must be affirmatively proved to give effect to the judgment as the basis of an action. (46 Hun, 52.) A new trial was accordingly granted, with costs of the appeal to abide the final award of costs.

After some delay a new referee was appointed, and after the cause was noticed for trial before him, the plaintiffs moved at Special Term for an order discontinuing the proceeding without costs, and the order was made, from which this appeal is taken, discontinuing the proceeding on payment by the plaintiffs of the costs and disbursements of the appeal to the General Term and the fees of the new referee, " and without other costs."

The Revised Statutes provide for costs in this proceeding " as in actions against executors." (2 R. S., 89, § 37.) This provision is qualified in respect to the award of costs to the plaintiff, by sections 1835 and 1836 of the Code of Civil Procedure, but those sections have no reference to the question of costs in favor of the defendant. The proceeding is not within the provisions of section 3240 of the Code and the award of costs is not in the discretion of the court. The right to costs of the defendant in such proceedings is regulated by section 3229. The correctness of all these propositions is recognized in the case of *Hopkins* v. *Lott* (111 N. Y., 577). We are justified, therefore, in treating the questions in this case as if they arose in " *an action* in which the complaint demands judgment for a sum of money only." In such case, by the terms of section 3229 (referring to section 3228), the defendant is entitled to costs, of course, upon the rendering of final judgment, unless the plaintiff is entitled to costs as prescribed in the section referred to.

The words " upon the rendering of final judgment," in both of the sections 3228 and 3229, were added in the latest revision of the Code, and are an instance of the Chief Reviser's careful attention to detail. They cannot probably have been intended to limit the right to costs of either party to those cases alone in which the action is prosecuted to final judgment. They do, no doubt, limit the right of the party to enter judgment for costs without direction of the court ; and we assume that the provision in question does not change the rule of practice which has so long and uniformly prevailed, that the defendant in a common-law action will have the costs,

which have already accrued, awarded to him by the court, as a condition of the discontinuance of the action by the plaintiff except in a case where such an award of costs would work manifest injustice to the plaintiff.

Such a case has always been regarded as an exception to the rule; as, for example, where the defendant has obtained a bankrupt's discharge after the commencement of the action (*Hart* v. *Storey*, 1 Johns., 143); or had fraudulently concealed the fact of his infancy from the plaintiff (*Van Buren* v. *Fort*, 4 Wend., 209); or where in an action for a penalty the law imposing the penalty was repealed after action brought (*Cole* v. *Rose*, 65 How., 520); or where one named as a defendant by mistake, and not served with process, has intruded himself into a litigation the result of which could in no manner affect his interest. (*Waterbury Company* v. *Krause*, 9 Abb. Pr., 175, note.)

The case of *De Barante* v. *Deyermand* (41 N. Y., 355 ; S. C. correctly reported in 40 How. Pr., 180), relied upon by the respondents here, was clearly a case coming within the exception to the rule. In that case the defendant held a release which was a complete defense to the action, but which he and his counsel had purposely omitted to plead. When the cause was ready for trial they produced it to the counsel for the plaintiff and declared that they proposed to rely upon it. Upon these facts, which appear in the report of the case last cited (40 How. Pr., 184), the plaintiff was allowed to discontinue his action, without costs. Judge MASON, in his opinion reported as above, points out that the result would have been the same if the action had proceeded and the defendant had attempted to avail himself of the release as he proposed. This he could have done only by amendment of his answer, and that the court would not have permitted except upon condition that the plaintiff have leave to discontinue, without costs, if he elected to do so. The case of *Winans* v. *Winans* (6 N. Y. St. Rep., 813) is authority for the proposition that the court may, in a proper case, refuse leave to discontinue even on payment of costs, and that it may, also, in a proper case, impose terms in addition to the payment of costs. Other cases cited by counsel for the plaintiffs, which have not already been noticed, were suits in equity in which costs were unquestionably in the discretion of the court.

The case before us was in the nature of an action at law and against the estate of a deceased person. It was undoubtedly the duty of the defendant to interpose the defenses upon which she has virtually succeeded, and we are unable to see that the case is within the exception to the rule entitling her to costs upon a discontinuance. The plaintiffs first prosecuted their claim without being able to make proof of a valid judgment upon which to base it, and, not being able to supply the proof required by the decision of the General Term, we think the further prosecution of the claim was not altogether reasonable. The prosecution was, however, continued— with the intention, it is stated, of finally going to the Court of Appeals on the question decided adversely to them by the General Term — until the decision in the Court of Appeals of the case of *Diefenbach* v. *Roch* (21 N. Y. St. Rep., 570). That decision fully sustained the holding of the General Term in this case, to the effect, that filing the transcript of a justice's judgment in the clerk's office does not make it a judgment rendered in the County Court, and, on that ground, held further, that under the Code of Civil Procedure. (§ 382) the six-years statute of limitations applied to actions on such judgments. Thus doubly defeated in their proceeding, the plaintiffs. decided not to prosecute it any further, and applied for an order of discontinuance. We do not think the decision of the Court of Appeals, unexpected though it may have been to the plaintiffs, was ground for exempting them from the payment of the costs upon a discontinuance of their proceeding against the defendant. That decision merely anticipated the judgment which must have been rendered in their own case had it reached the court of last resort in advance of *Diefenbach* v. *Roch;* and upon the rendition of that judgment, which would have been final, the defendant would unquestionably have been entitled to costs of the entire proceeding. The effect of the earlier decision in *Diefenbach* v. *Roch* was to save to the plaintiffs a very large addition to the costs which they had incurred at the date of their application for a discontinuance.

The case of *Sunney* v. *Roach* (4 Abb. Pr., 16), which is cited by counsel for the respondents, is authority for the proposition that a decision by the Court of Appeals, decisive against a pending action, may be ground for allowing a discontinuance of such action without costs, was a case of very exceptional circumstances, and the order

was made expressly upon the ground that being an action of equitable cognizance, it was not within section 304 (Code of Procedure), and, therefore, costs were in the discretion of the court.

We think the order appealed from must be reversed and the motion denied, or, at the option of the plaintiffs, order modified by substituting for the terms imposed thereby, the condition of payment of the defendants' costs of the proceeding as in an action.

MACOMBER, J., concurred; CORLETT, J., not sitting.

Order appealed from reversed, with ten dollars costs and disbursements and the motion denied, or, at the option of the plaintiffs, the order modified by substituting for the terms imposed thereby the condition of the payment of the defendants' costs of the proceeding as in an action.