Aug. Term,
1803.
fit of it on trial.    We cannot, therefore, vacate the
rule, but the plaintiff may have one to proceed to
* See *Brain*
v. *Rodelicks
and Shivers,*
antc, p. 176. trial notwithstanding the commission.*

### *Joseph Grover* v. *Benjamin Green.*

THE defendant was attending a reference, under a
rule of the court of common pleas for *Cayuga,* in a
suit, wherein he was plaintiff, and the present plain-
tiff defendant, when he *(Green)* was arrested by
*Grover,* on a writ out of this court.

*Emott* moved for a rule, that the defendant be dis-
charged out of custody, on common bail, the plaintiff
having abused the process of the court, but no notice
had been given of the motion.

*Per Curiam.*    By this means any body may get
himself discharged.

*Emott.*    If the affidavit be false, the party may be
indicted for perjury.

*Per Curiam.*    But the plaintiff may lose his debt.
Take a rule to show cause the first day of next term,
why he should not be discharged, and in the mean
time, let proceedings be staid.

### *Hugh Lackey and Joshua Briggs* v. *Daniel M'Donald.*

THE plaintiffs, in *July,* 1802, had stipulated to
try this cause at the next circuit court, and did not
do so.

*M. B. Hildreth,* on this ground, now moved for judgment as in case of nonsuit.

*Schoenhoven* read an affidavit, which was not denied, stating that the defendant, after the commencement of the suit, and before a trial could be had, was sentenced to the state prison, where he still remained, and prayed to discontinue without payment of costs.

*Van Ness,* amicus curiæ, mentioned, that when the defendant rendered proceedings useless, the court was always disposed to permit a plaintiff to discontinue without costs. In *Jackson,* on the demise of *Ludlow,* v. *Webb,* after issue joined, the defendant abandoned the possession, and the lessor of the plaintiff having entered, did not notice the cause for trial. The defendant then moved for judgment, as in case of nonsuit, but the court denied his motion, and gave leave to discontinue without payment of costs.

*Per Curiam.* The opinion of the court is, that sufficient has been shown, to prevent the judgment of nonsuit. The defendant has, by his own act, deprived the plaintiffs of that remedy, which they might have had against his person ; his body is out of their reach, and *that* by his own act. It is not, therefore, necessary, that they should proceed and incur expenses for nothing, as there is not any property from whence they can be reimbursed.— The plaintiffs, therefore, are entitled to discontinue, and without costs.