## Case No. 476.

### ANONYMOUS.

[2 Wash. C. C. 270.][1]

Circuit Court, D. Pennsylvania.   Oct. Term, 1808.

COSTS—PAYMENT BEFORE DISCONTINUANCE OF SUIT.

The cause had been at issue for three terms, and the defendant asked leave to file a new plea, the effect of which would be to oblige the plaintiff to suffer a nonsuit. The defendant, before the suit was brought, refused to show his lease to the plaintiff, when, by so doing, he would have prevented the institution of the suit. The court refused to permit the defendant to enter the plea, but upon his paying the whole costs of the suit.

At law. This was a rule obtained by the defendant, after two or three terms that the cause has been at issue, for liberty to amend his plea of covenants performed, which it is admitted, if allowed, will compel the plaintiff to discontinue the action. The plea is certainly a fair one, it being stated, that the defendant is a sub-tenant, and has paid the rent demanded. to his immediate lessor. But still, the defendant asks a favour, and one which the court, in its discretion, and upon the circumstances of the case, may grant upon equitable terms. Now, it appears that the defendant, by refusing to show his lease to the plaintiff when asked to do so, misled him into bringing a suit, which, if he had known that the defendant was only a sub-tenant, he would not have brought, but, by his present plea,

[1][Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States.]

he had admitted the lease as laid. He now asks to withdraw his admission, and to plead what must inevitably force the plaintiff out of court. Upon no principle can he be allowed to amend, without paying the costs which have accrued since he put in his plea. But since he has occasioned the bringing of the suit by his refusal to show his deed, we do not think he ought to be indulged in his present application, so as to throw the other costs on the plaintiff. The proposition of the plaintiff, to discontinue without paying costs, seems perfectly fair.

## Case No. 477.

### ANONYMOUS.

[3 West. Law J. (1845,) 144.]

Circuit Court, D. New York.

PATENT LAW—PURCHASER OF ARTICLES KNOWN TO BE MANUFACTURED IN VIOLATION OF A PATENT NOT LIABLE TO INJUNCTION.

In the U. S. circuit court, at New York, a motion was made for an injunction by a patentee, to restrain the defendant from selling cotton wadding, made with a machine, which the plaintiff alleges was an infringement on his patent. The court held that the purchaser on his own account of an article. the product of patented machinery, though purchased with the full knowledge that it was manufactured in violation of the patent. could not be enjoined, nor held liable in any other way.

[Contra, see Haselden v. Ogden, Case No. 6,190.]

[Note. Nowhere fully reported; opinion not now accessible.]