ALBANY,<br>Feb. 1828.<br><br>Honeywell<br>v.<br>Burns.

Motion denied.

---

## HONEYWELL *against* BURNS.

ASSUMPSIT. The defendant being discharged under the act to abolish imprisonment for debt in certain cases after the suit commenced, and pleas pleaded, his attorney served a stipulation on the plaintiff's attorneys not to take advantage of the discharge as a defence in this suit. Notwithstanding this,

*E. A. Graham,* for the plaintiff, now moved for leave to discontinue without costs.

*C. Dayan,* contra.

The plaintiff<br>may, in as-<br>sumpsit, dis-<br>continue with-<br>out costs,<br>where the de-<br>fendant, after<br>suit brought, is<br>discharged un-<br>der the insol-<br>vent act, tho'<br>the latter sti-<br>pulate not to<br>avail himself of<br>his discharge<br>as a defence in<br>the suit.

*Curia.* The motion must be granted. We do not proceed in cases like this on the idea that the defendant may *defeat the plaintiff by pleading his discharge; but on his plain inability to pay, evinced by the discharge, on account of insolvency. [1]

[*122]

Motion granted.

[1] 5 Cowen, 422; 2 id. 503; 8 id. 121; even although the action be trespass; (1 Wendell, 191;) or, although the defendant offer to waive his discharge. 1 Hall, 145. The reason of the rule being founded on the conclusive evidence of the poverty of the defendant, afforded by the discharge. 1 Wendell, 92.

If, however, the plaintiff proceed in the action, after the defendant has obtained his discharge, he will be required to pay the costs of such subsequent proceedings. Ib. But in a very recent case, in the Exchequer in England, where the plaintiff declared, in order to avoid the costs of a *non pros.*, and went on with the cause as far as giving a peremptory undertaking to try, all the while knowing that the defendant was insolvent, that court refused to discharge the peremptory undertaking. 1 Tyrwh. 1. So, also, after a plea in abatement, the plaintiff will be allowed to discontinue without costs; and if in such case a second suit be brought, and the defendant plead another action pending, the discontinuance may be entered of course, at any time before replication. 1 Johns. Cas. 398; S. C., Coleman, 97. So the plaintiff will be permitted to discontinue without costs, where the defendant has been sentenced to the state prison, (1 Caines, 116,) or where the defendant is a minor, and obtains goods on credit, and when sued, interposes the plea of infancy. 4 Wendell, 409; see 1 Cowen, 417.

In a late case, also, in England, where goods had been obtained by fraud, and the plaintiff commenced an action against the party who obtained them, and other persons represented to be his partners, but who could not be found, leave was given to discontinue the first action without costs, and to detain the defendant in custody until the plaintiff had issued a new writ, and declared against him alone. 2 Dowl. Pr. Cas., 35. But, in a case in this court, the plaintiff was not permitted to do so, because the defendant had enlisted in the army of the United States, it not appearing that the sum claimed amounted to less than twenty dollars. 3 Johns. Rep. 445; *ante*, 133; see also 2 Wash. C. C. Rep. 270.