SMITH et al., Overseers, &c., of the Town of Chester, Orange County, vs.
BANKER.

And three other causes.    Same Plaintiffs, but different Defendants.

Suits commenced for penalties under the excise law of May 14, 1845, were cut off, and the
the right of Plaintiffs to proceed therein, extinguished at the time of the passage of the
repealing act of May 12, 1847; consequently the Defendants cannot obtain judgment as
in case of non-suit, for not bringing such causes to trial subsequent to the passage of the
repealing act.

The Plaintiffs, in such causes, may, on a proper application, discontinue without costs.

*December Special Term*, 1847.   *Dutchess county.—Motion by Defendants for judgment as in case of non-suit for not bringing causes to trial.*— These suits were commenced in Orange county, under the provisions of the act in relation to excise, &c., passed May 14, 1845, to recover penalties for selling liquor without license.   While the suits were pending and before issue joined, the act in question was repealed, on the 12th of May, 1847.   The Defendants put in their pleas on the 21st May last, since which time no proceedings have been had.   The Defendants moved for judgment as in case of non-suit, by reason of Plaintiffs not bringing on causes to trial at the October circuit.

WESTCOTT & GIDNEY and CHARLES MONELL, *for Defts.*
S. J. WILKIN, *for Plffs.*

BARCULO, Justice.—The repeal of the excise law of 1845, not only cut off the right to future prosecutions for the penalties thereby imposed, but also extinguished the right to proceed in suits which had been commenced and were pending at the time of the passage of the repealing act.   (1 Hill, 324.)

The only way in which the rights of suitors in such cases can be preserved, is, by an express reservation of those rights in the act of repeal.   The repealing act of May 12, 1847, is without reservation; and consequently the Plaintiffs' right to recover the penalties ceased on that day.   They were disabled from further proceeding in the suits.

I cannot see how the Plaintiffs can be said to be in default for not bringing the causes to trial, as the Legislature prevented them from doing so.   It would be manifestly unjust to punish them with costs for obeying the mandate of the legislative power.   The motion must, therefore, be denied.

The Plaintiffs, on a proper application, may discontinue without costs. As this is a new question, neither party is to have costs of this motion.