# Chew's Appeal.

When the only party in interest before an auditor, appointed to audit an executor's account, acquiesces in an increase of a particular creditor's balance, for reasons satisfactory to the party, the executor has nothing to complain of.

APPEAL of Benjamin Chew, executor, from the decree of the Orphans' Court of *Philadelphia County*.

Opinion by

[Chew's Appeal.]

WOODWARD, J.—Though there were several parties litigant before the auditors, the executor is the only appellant from the decree confirming their report.   He has filed twenty-one errors to the decree, but they are either irrelevant, as not arising out of the record, or else are resolvable into the two exceptions that were taken below, one of them to the allowance made to Henry J. Williams, and the other to the allowance made to the executors of Benjamin Chew, deceased.

That the arrears of ground-rent claimed by Mr. Williams were chargeable to the estate of Samuel Chew is clearly shown by the statements of the auditors, and by the authorities cited by counsel.   That these arrears were payable with interest, Samuel Chew having purchased the estate in 1834, and the arrears going no further back than 1839, is proved by the ruling in *McQuesney* v. *Hiester,* 9 C. 435.   There is nothing, therefore, in this exception, nor in the assignment of errors founded thereon.

Then as to the other exception.   The auditors first allowed the executors of Benjamin Chew, deceased, $81 52, as the balance of accounts that were a good deal complicated.   On rehearing the parties upon exceptions, this balance was increased to $231 52, for reasons which are not explained by the auditors.   It may have resulted from a readjustment of accounts, or it may have been allowed by way of compromise, to satisfy parties and to prevent an appeal.   Seeing that none of them appealed except the accounting executor, we consider this a very plausible conjecture.

But whatever the reason for the increased allowance, we do not see that it affected the appellant.   It came out of the fund which belongs to the residuary legatee, and if she was willing to allow it, to prevent further litigation, let not the executor object.   We are not prepared to apply in its fulness the doctrine of *Mellon's Appeal,* 8 C. 121, to an accounting executor or administrator, whose duty it often is to question and resist the claims of creditors; but it is very clear that when the only party in interest acquiesces in a $150 increase of a particular creditor's balance, for reasons satisfactory to herself, though not apparent to us, the executor has nothing to complain of.   Mrs. Cummings, the residuary legatee, was a party litigant before the auditors, and because she does not object to the allowance, it is not the duty of the executor, as in other circumstances it might be his right, to object to it.

The decree is affirmed.