PROSPER M. DE BARANTE, Respondent, *v.* WILLIAM DEYERMAND, Executor of CHARLES COATES, deceased, Appellant.

An order of discontinuance, without costs, even of a legal action, commenced in the Supreme Court, for the recovery of money only, against a sole defendant, though made after the cause is at issue and referred, unconditionally and without the consent of the defendant, is within the power and in the

discretion of that court; and, although expressly made appealable to this court by the Code, is not reviewable here.

An appeal from the affirmance of such order, by the General Term, will be dismissed.

(Cause argued October 1st, 1869; decided December 21st, 1869.)

THIS is an appeal from an order of the General Term, of the first district, affirming an order of the Special Term, made by Judge CARDOZO, ordering the discontinuance of this action, without costs.

The complaint alleges a cause of action against the defendant, as executor of one Coates, one of the former firm of Wait & Coates, for the sum of $3,100, had by that firm to the plaintiff's use.

The answer was a general denial, and a plea of the statute of limitations.

The cause, being thus at issue, was referred to a referee, to hear and determine, and after one or two appointments, the plaintiff made the motion to discontinue, without costs, on the ground that the defendant's attorney told the plaintiff's counsel, at the last appointment, that he had a release of the claim. Such release was not set up in the answer, and it was not alleged on the motion that it was to be set up. The Special Term ordered a discontinuance without costs.

*Samuel Hand,* for the appellant, insisted that the right to costs was a substantial right, and cited *McGregor* v. *Comstock* (19 N. Y., 381); *Burhans* v. *Tibbits* (7 How. Pr. R., 74); *McGrath* v. *Van Wyck* (3 Sand., 750); *Giles* v. *Hulbert* (2 Kern., 32). And the action being for the recovery of money simply, the defendant is entitled to costs, as a matter of right, where the plaintiff is not. The plaintiff cannot be entitled to costs where there is a discontinuance. (Code, § 304, 305; *Butler* v. *Morris,* 1 Bosw., 329.)

*W. J. Marrin,* for the respondent, that the right to costs was not a substantial right, within the meaning of section 11

of the Code, cited *Staiger* v. *Schultz* (3 Keyes, 616). The
courts have always exercised the right to order a discontinu-
ance, where it was equitable to do so. (10 How., 141; 18
How., 10; 1 Bosw., 329; 19 How., 413; 4 Abb., 16; 4 Hill,
592; 1 How., 122; 1 Wend., 91; 18 Johns., 252; 5 Abb.,
230.)

MASON, J. The first question which arises on this appeal,
is whether an appeal will lie to this court from an order of
the General Term affirming the order of the Special Term
discontinuing this action, without costs.

The second subdivision of section 11 of the Code
allows an appeal to this court from an order affecting a sub-
stantial right made in an action, when such order in effect
determines the action, and prevents a judgment from which
an appeal might be taken *or discontinues the action.* (Code,
§ 11, sub. 2.) This order discontinues this action, and the
only question in the case is whether it affects a substantial
right. I do not think the defendant's claim to costs, at the
stage of the action when this suit was discontinued, can be
regarded as a substantial right. A substantial right must be
one not only involving some material interests, but existing
absolutely by force of law. Where the suit is pending and
undetermined, the claim to costs do not constitute an abso-
lute right. They are a mere consequence attached by law to
a final judgment on the question of a substantial right, and
they become a substantial right of the suitors only on such
final determination and judgment upon the rights of the
parties in the action. The rule in regard to costs, where the
court grants leave to the plaintiff to discontinue his action
without bringing the issues to trial, cannot be said to be one
absolutely of law, or resting in absolute legal right. The
question of costs in such cases rests upon the action of the
courts, depending very much upon discretion. The courts
have allowed or disallowed them as they have deemed the
claim to them just or unjust. In actions at law, the Supreme
Court has always regarded itself upon such applications for

leave to discontinue as endowed with equity powers over the question both of discontinuance and costs. I will not go over the cases where the Supreme Court has assumed to exercise this power, but will barely refer to the following cases where the Supreme Court has claimed and exercised this power, and they extend through the whole judicial history of the State. (18 J. R., 252; 1 W. R., 91; 4 Hill's R., 592; 1 How. Pr. R., 122; 10 How. Pr. R., 141; 18 id., 10; 19 id., 413; 4 Abbott Pr. R., 16; 5 id., 230; 1 Bosw. R., 329.) And the practice of the Supreme Court in this respect seems to be approved by this court in *Staiger* v. *Shultz*, (3 Keyes' R., 614, 616). Judge BOCKES, in speaking for the court, at page 616, says: " It has always been the practice to permit actions to be discontinued in the discretion of the court without costs, even in suits at law, where the defendant had obtained a discharge under the insolvent laws, and in many other cases. Such permission existed as a matter of practice, resting on the discretion of the court, and could not be overruled on appeal."

I am of opinion, for the reasons stated, that this appeal should be dismissed.

HUNT, Ch. J., JAMES, MURRAY, and DANIELS, JJ., concurred for dismissal.

WOODRUFF and GROVER, JJ., did not vote.

Appeal dismissed.