## N. Y. MARINE COURT.

CHESTER S. COLE, as captain of the port, agt. JAMES L. ROSE.

*Costs — on discontinuance — When leave to discontinue without costs will be granted.*

The act of 1862 (*chap.* 487), under which the plaintiff and his associates (the harbor masters) were appointed, having been repealed and the offices created by it abolished, the penalties imposed by the act are not recoverable even in pending actions.

Under such circumstances the court may allow a discontinuance of the action without costs.

*Special Term, June,* 1883.

MOTION for leave to discontinue without costs.

*Charles S. Berry,* for plaintiff.

*Benedict, Taft & Benedict,* for defendant.

McADAM, *J.* — The plaintiff and his associates (the harbor masters) were appointed under the Laws of 1862 (*chap.* 487), and the action was brought to recover a penalty given by that statute. The plaintiff recovered a judgment, which was reversed upon appeal with the award of a new trial. Since then, *i. e.,* May 4, 1883, the act under which the plaintiff and his associates derived their authority was repealed and the offices created by the said act were abolished. The penalties imposed by said act are in consequence not recoverable, even in pending actions, as the repealing act contains no saving clause (1 *Hill,* 324; 3 *How. Pr.,* 142; 6 *id.,* 281; 35 *Barb.,* 599; 4 *Dallas,* 372; 5 *Cranch,* 281; 6 *id.,* 329; *Sedg. on Stat. Law* [2*d ed.*], 109). The further prosecution of the action has thus been made impossible by act of the law, and this circumstance entitles the plaintiff to discontinue without costs (*See How. Pr.,* 342; 40 *id.,* 180; 41 *N. Y.,* 355; 3 *Keyes,* 614); and this, notwithstanding the order of the

general term awarding the defendant costs to abide the event. In *Van Wyck* agt. *Baker* (11 *Hun*, 309) it was held that under ordinary circumstances such an order of the general term precluded a discontinuance without costs. But in that case the discontinuance was applied for simply because the plaintiff did not desire to continue his prosecution of the action. In the present instance the prosecution is, as before suggested, practically stopped by act of the law, a matter over which the plaintiff had no control. The distinction between the two cases is obvious (*See* 4 *N. Y.*, 411).

The motion for leave to discontinue, without costs, will therefore be granted.