## CLOSSEY v. AYERS.

*(Supreme Court, General Term, Fifth Department. January 22, 1892.)*

COSTS—PROBATE PROCEEDINGS—DISCONTINUANCE.

On reference of a claim against the estate of a decedent under 4 Rev. St. (8th Ed.) p. 2561, § 36, a judgment for plaintiff was set aside by the special term, and a new trial granted, with costs to abide the event. No new trial was had, but plaintiff moved for leave to discontinue the action. The court in granting the motion assessed plaintiff only for defendant's taxable disbursements and the costs of opposing the motion. The referee found that the claim was for seed never delivered in the life-time of the decedent, but which, after his death, was received by another person, and all but a small portion sown on a farm, of which decedent was seised at the time of his death, and that his administrator cut the hay raised from the seed. *Held*, that there was no ground for the exercise of the discretionary power of the court to discontinue an action without the payment by plaintiff of the statutory costs. *Agar* v. *Tibbetts*, (Sup.) 9 N. Y. Supp. 591, followed.

Appeal from special term, Monroe county.

Special proceeding by Felix D. Clossey against Marshall J. Ayers, administrator. From an order at special term allowing plaintiff to discontinue the proceeding on payment only of defendant's taxable imbursements, together with $10 costs of opposing plaintiff's motion for such discontinuance, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Eli Soule*, for appellant. *F. S. Robinson*, for respondent.

MACOMBER, J. This action began as a special proceeding instituted under the statute[1] for the prosecution of claims against the estates of deceased persons. An order of reference therein was made, and the referee reported in the plaintiff's favor in the sum of $57.42. A motion was made in behalf of the plaintiff for a confirmation of such report, and at the same time a counter-application was made by the defendant, on a case and exceptions, to set aside the same. Thereupon the court refused to confirm the report, and directed a new trial before another referee, holding, in substance, that under the facts established the plaintiff could not recover. The question of costs, however, was reserved for future consideration, and until the final disposition of the case. A new trial was not had, in pursuance of the decision of the special term. The plaintiff, however, made a motion for leave to discontinue the action, and on the hearing of such motion the order appealed from was made.

The question mainly involved in this appeal was recently considered by this court in the case of *Agar* v. *Tibbetts*, 9 N. Y. Supp. 591, where it was held that on a reference of this kind the plaintiff or claimant could not properly be permitted to discontinue the action or proceeding except upon payment of costs to the defendant. It is therefore unnecessary to review the grounds upon which the judgment was there stated to rest; for, so far as the power of this court extends, it is a decisive authority in favor of the appellant. But it is claimed by the learned counsel for the respondent that there are certain equitable considerations which ought to prevail, through which the plaintiff should be permitted, as a matter of favor, to withdraw his action upon less onerous terms than those of the absolute payment of the defendant's costs taxable according to the statute. It appears that the plaintiff, in the life-time of Thomas Hallett, the defendant's intestate, furnished to the latter a certain amount of grass seed. There was no contract in writing, and the amount which was subsequently delivered by the plaintiff exceeded in value the sum of $50, and none of it was delivered in the life-time of Thomas Hallett. It was, however, delivered after the death of Thomas Hallett to one Benjamin J. Hallett. Under these facts the special term held (reversing the decision of the referee) that no recovery could be had against the estate of Thomas

[1] 4 Rev. St. (8th Ed.) p. 2561, § 36.

Hallett.  The plaintiff has certainly, to the extent of desiring to discontinue the action, acquiesced in such decision.  His counsel now urges upon our attention the finding made by the referee,—that this grass seed, except a small portion thereof, was taken and sown upon the farm which Thomas Hallett died seised of, and that the defendant, as the administrator of the estate of Thomas Hallett, actually cut the hay raised from the sowing of such seed. From these circumstances it is urged that certain equitable considerations exist which should induce the court to permit a discontinuance of the action without payment of the statutory costs.  In this contention, however, we cannot concur.  The finding of the referee, above mentioned, must, for the purposes of the motion for discontinuance, and the appeal entered thereon, be deemed to have gone for naught, because the judgment which was directed by the referee, which was certainly in part based on such finding, was wholly disapproved of by the special term.  Furthermore, this is not a ground for the exercise of the exceptional power possessed by the court to discontinue an action without the payment of costs, where costs are fixed by statute.  The exceptions to this rule are recognized and stated in the case already cited as follows: "As, for example, where the defendant has obtained a bankrupt's discharge after the commencement of the action, (*Hart* v. *Storey*, 1 Johns. 143;) or had fraudulently concealed the fact of his infancy from the plaintiff, (*Van Buren* v. *Fort*, 4 Wend. 209;) or where, in an action for a penalty, the law imposing the penalty was repealed after the action was brought, (*Cole* v. *Rose*, 65 How. Pr. 520;) or where one named as defendant by mistake, and not served with process, has intruded himself into a litigation, the result of which could in no manner affect his interest, (*Waterbury Co.* v. *Krause*, 9 Abb. Pr. 175, note.)"  The case at bar does not come within any of the above exceptions.  The fact now mainly relied upon for invoking the discretionary action of the court existed in the case from the beginning, and the plaintiff must be conclusively charged with knowledge thereof.  Under these circumstances the plaintiff took the ordinary hazards of the litigation, and, having failed to recover upon the merits of his case, must, as a consideration of discontinuance, pay the costs of the action.  Order appealed from reversed, with $10 costs and disbursements of appeal, and the motion denied, with $10 costs; or, at the option of the plaintiff, order modified by substituting for the terms imposed thereby the condition of the payment of the defendant's costs of the proceeding, as in an action.  All concur.