## LAYMAN *v.* NEW YORK BANK NOTE Co.

*(Superior Court of New York City, Special Term. October 20, 1892.)*

PRACTICE IN CIVIL CASES—DISCONTINUANCE WITHOUT COSTS.

In an action commenced against a wrong defendant, plaintiff's motion for leave to discontinue without costs will be denied, where he shows no sufficient excuse for the mistake, and where defendant has been put to the expense of a trial.

At chambers. Action by Stephen D. Layman against the New York Bank Note Company. Judgment for plaintiff. Defendant's motion for a new trial was granted, and plaintiff moves to discontinue the action without costs. Denied.

*Geo. Carlton Comstock*, for plaintiff. *Rudd, Hunt & Wilder*, (*Wm. R. Wilder*, of counsel,) for defendant.

GILDERSLEEVE, J. This action was tried before a jury, and a verdict rendered in favor of the plaintiff. A motion by the defendant for a new trial was granted substantially upon the ground that the verdict was against the weight of evidence. Two corporations existed, bearing the same name as the defendant in this action, one having been organized under the laws of the state of New York, and the other under the laws of the state of New Jersey. This action is against the corporation organized under the laws of the state of New York, while, from the evidence introduced upon the trial, it clearly appears that the transactions, whatever they were, that were the basis of plaintiff's action, were had with the New York Bank Note Company, organized under the laws of the state of New Jersey. Briefly, plaintiff commenced suit against the wrong party. The plaintiff now applies for leave to discontinue the action, without the payment of costs. While it is within the discretionary power of the court to grant a motion of this kind, (*Wenzel* v. *Murphy*, 1 City Ct. R. 262; *De Barante* v. *Deyermand*, 41 N. Y. 355; *Staiger* v. *Schultz*, 42 N. Y. 616,) that power should be exercised with caution. If, by the plaintiff's own act or error, the object of the suit is defeated, he should not be allowed to discontinue, without costs, (*Hammersley* v. *Barker*, 2 Paige, 372,) unless there are especially extenuating circumstances to account for such act or error. The cases where plaintiffs are allowed to discontinue, without payment of costs, are exceptional; such as, for example, where the defendant has obtained a bankrupt's discharge after the commencement of the action, (*Hart* v. *Storey*, 1 Johns. 143;) or has fraudulently concealed the fact of his infancy from the plaintiff, (*Van Buren* v. *Fort*, 4 Wend. 209;) or where, in an action for a penalty, the law imposing the penalty was repealed after the action was brought, (*Cole* v. *Rose*, 65 How. Pr. 520;) or where one named as defendant by mistake, and not served with process, has intruded himself into a litigation, the result of which could in no manner affect his interest, (*Waterbury Co.* v. *Krause*, 9 Abb. Pr. 175, note.) But the case at bar does not come within any of the above exceptions, and is not a case in which the court should exercise its discretionary power to permit a

plaintiff to discontinue, without the payment of costs. *Clossey* v. *Ayers*, (Sup.) 17 N. Y. Supp. 278. Through the error of the plaintiff—for which a sufficient excuse has not been shown—the defendant was put to the trouble and expense of a trial, which resulted in a verdict against it. This verdict was set aside, after a long argument, and in spite of the strenuous opposition of the plaintiff. Then, having presumably become convinced of his error in his selection of a defendant in this suit, the plaintiff moves for leave to discontinue the action, without payment of costs. I am of opinion that the circumstances are such as call upon me to deny the motion.