## THIRD DEPARTMENT, JULY TERM, 1893.

**Decisions handed down July 8, 1893.**

The People of the State of New York ex rel. United Lines Telegraph Company v. [Frank Campbell, Comptroller of the State of New York.— Decision of Comptroller confirmed, with costs (see opinion of Putnam, J., with second case below).

The People of the State of New York ex rel. French Atlantic Telegraph Company v. Frank Campbell, Comptroller of the State of New York.— Decision of Comptroller confirmed, with costs (see opinion of Putnam, J., with next case).

The People of the State of New York ex rel. Commercial Cable Company v. Frank Campbell, Comptroller of the State of New York.— Decision of Comptroller confirmed, with costs.—

PUTNAM, J.: It being represented to us by counsel for the respective parties that the facts in the above cases are substantially the same as in *The People ex rel. Postal Telegraph Cable Company v. Campbell, as Comptroller*, for the reasons stated in the opinion written in that case, the decision in each of the above cases should be confirmed, with costs.

Kate Hall, as Administratrix of Lyman Hall, Deceased, Respondent, v. Franklin Thompson, Appellant. — Judgment reversed, referee discharged and a new trial granted, costs to abide the event.—

PUTNAM, J.: This action was brought to foreclose a mortgage executed by defendant to plaintiff's intestate, Lyman Hall, on or about March 15, 1876, for $330. The defendant asserted in his answer that the bond and mortgage set out in the complaint were given to secure the payment of $100 to said deceased, and the sum of $230 to his brother, John Hall, and further alleged payment in full of said sums to said deceased and John Hall. The issues were referred and the referee found in favor of the plaintiff for the full amount of the mortgage and interest. We are of the opinion that the conclusions reached by the referee are not sustained by the testimony given upon the trial, and that the judgment should be reversed on the evidence. Defendant's witness, John Hall, the brother of deceased, who appears to be a banker and a reputable witness, testified that he drew the mortgage in suit and the accompanying bond. Said papers were given to secure a debt of $100 to deceased, and the sum of $230 to the witness. That deceased afterwards admitted to him the payment of the said $100, and that the witness had been fully paid the amount of the mortgage debt coming to him. Four other witnesses testified to statements by or conversations with deceased, corroborating the testimony of said John Hall. Such evidence, tending to show the payment of the mortgage, was strengthened by the lapse of time since the execution of the instrument. It was executed March 15, 1876, and the action was commenced in 1891. According to the theory of the plaintiff, which was adopted by the referee, the mortgage ran a period of fifteen years without any payment of either principal or interest. Although the action was not barred by the Statute of Limitations, yet it is well settled that the lapse of time may be properly considered in connection with other evidence on a question of payment. (*McAuley, as Survivor, v. Palmer*, 125 N. Y. 744.) The evidence above mentioned, showing payment of the said bond and mortgage, seems entirely uncontra-

dicted. The fact that the mortgage contained a clause stating that it was given for the purchase money of said property does not contradict the testimony given by John Hall or the other witnesses, in the absence of proof that John Hall did not own or was not interested in the real estate conveyed to defendant and on which he executed the mortgage, or in the purchase price thereof. We conclude that the judgment should be reversed on the evidence and a new trial granted, costs to abide the event.

Charles E. Bullard and Another, Appellants, v. Mary C. Harris, Respondent, impleaded, etc.— Judgment reversed, new trial ordered, costs to abide the event.—

PER CURIAM: This is the same case as that of *Bullard v. Kenyon*, in which a separate judgment was entered in favor of the defendant Harris against the plaintiff Bullard. Following the decision in that case, made at this term of court, judgment herein should be reversed and a new trial ordered, costs to abide the event.

Charles E. Bullard and Another, Appellants, v. James H. Kenyon and Others, Respondents.— Judgment reversed, new trial ordered, costs to abide event.—

PER CURIAM: Heretofore the judgment of the trial court in this case was affirmed by this court upon appeal. Subsequently, at the February term, 1893, of this court, a reargument of the appeal was ordered. Upon a reconsideration of the case, we are satisfied that it comes plainly within the rules laid down in *Karst v. Gane et al.* (136 N. Y. 316), and that, following that case, the judgment herein should be reversed and a new trial ordered, costs to abide the event.

Daniel H. Deyoe, Appellant, v. Herbert J. Woodworth and Others, Respondents.— Judgment affirmed, with costs.—

*Mem.* by HERRICK, J.: This is a companion case to *Deyoe v. Ewen*, decided at this term of the court, and the questions involved are the same. The judgment appealed from is affirmed, with costs.

David J. Johnston, Respondent, v. John Garside, Mayor, etc., and Others, Appellants.— Order affirmed, with costs and disbursements.—

*Mem.* PER CURIAM: The action was an equitable one, and upon that ground, as well as the change in the law, by which the parties were legislated out of office, before the trial of the action, the Court at Special Term could allow a discontinuance, without costs. The application was addressed to the discretion of the court below, and we are of the opinion that no such an abuse of discretion, or misapprehension of the facts, or of the rights of the parties, appear in the case, as would justify a reversal of the order. (*Crosby v. Fitzpatrick*, 23 Wkly. Dig. 35; *Morss v. Hasbrouck*, 13 id. 303; *Byron v. Durrie*, 6 Abb. N. C. 135; *Smith v. Banker*, 3 How. 142.) The order should be affirmed, with costs and disbursements.

Charles F. North and Others, Respondents, v. John Garside, Mayor, etc., and Others, Appellants.— Order affirmed, with costs and disbursements. (Same *Mem.* as in preceding case.)