Albert H. Beardsley, Respondent, *v.* The New York, Lake Erie and Western Railroad Company and John G. McCullough et al., as Receivers, Appellants.

MILEAGE BOOK ACT, UNCONSTITUTIONAL AS TO EXISTING CORPORATIONS.

The Mileage Book Act (L. 1895, ch. 1027), requiring railroad companies to issue mileage books under a penalty for refusal to do so, is unconstitutional as to corporations existing at the time of its enactment, since the statute is an illegal invasion of the property rights of such corporations, as declared by a decision of the United States Supreme Court.

*Beardsley* v. *N. Y., L. E. & W. R. R. Co.*, 15 App. Div. 251, reversed.

(Argued January 29, 1900; decided March 2, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 2, 1897, affirming a judgment in favor of the plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick B. Jennings* and *Melville E. Ingalls, Jr.*, for appellants. The Mileage Book Act is unconstitutional and void because it deprives the defendants of their property and liberty of contract without due process of law, and also deprives them of the equal protection of the laws, in violation of article 14, section 1, of the Federal Constitution and of article 1, section 6, of the State Constitution. (*L. S. & M. S. Ry. Co.* v. *Smith*, 173 U. S. 684.) The law is well settled that a state legislature has no power to regulate fares or freights from one state to another or even the fares within the state of persons traveling to another state. Any attempt to do so is in violation of the commerce clause of the Constitution. (*Matter of State Freight Tax*, 15 Wall. 232; *Cooley* v. *Board of Wardens*, 12 How. [U. S.] 299; *Welton* v. *Missouri*, 91 U. S. 275; *G. F. Co.* y. *Pennsylvania*, 114 U. S. 196; *W., etc., Ry. Co.* v. *Illinois*, 118 U. S. 557; *C. B. Co.* v. *Kentucky*, 154 U. S. 204; *Hall* v. *De Cuir*, 95 U. S. 485; *Robbins* v. *S. T. Dist.*, 120 U. S. 489; *The Daniel Ball*, 10 Wall. 557.) The Mileage Book Act is not limited to purely local or internal

transportation, but clearly attempts and was intended to regulate or affect interstate commerce within the rules as laid down by the decisions, and is unconstitutional and void. (Black on Interp. of Laws, §§ 24, 26, 42; *R. R. Comrs.* v. *R. R. Co.,* 26 Am. & Eng. R. R. Cas. 29; *W., etc., Ry. Co.* v. *Illinois,* 118 U. S. 557; *F. L. & T. Co.* v. *R. R. Co.,* 24 Fed. Rep. 407; *P. & S. S. Co.* v. *Pennsylvania,* 122 U. S. 326; *G. F. Co.* v. *Pennsylvania,* 114 U. S. 196; *Johnson* v. *H. R. R. R. Co.,* 49 N. Y. 455.) The Mileage Book Act is unconstitutional and void, because it violates the provision of the Constitution which forbids the passage of an act impairing the obligation of contracts. (*People* v. *O'Brien,* 111 N. Y. 1; *Ball* v. *R. R. R. Co.,* 93 Fed. Rep. 513; *McKenna* v. *Edmundstone,* 91 N. Y. 231, 233; *Matter of Comrs. of Central Park,* 50 N.Y. 493.)

*H. C. Mandeville* for respondent. The regulation by a state legislature of domestic railroad tariffs is not an interference with interstate commerce, in the constitutional sense, although it may incidentally affect such commerce. (*Munn* v. *Illinois,* 94 U. S. 135; *C., B. & Q. R. R. Co.* v. *Iowa,* 94 U. S. 163; *Peik* v. *C. & N. W. Ry.,* 94 U. S. 177; *Shields* v. *Ohio,* 95 U. S. 319; *Trade Mark Cases,* 100 U. S. 96; *Stone* v. *F. L. & T. Co.,* 116 U. S. 333; *Stone* v. *I. C. R. R. Co.,* 116 U. S. 347; *Stone* v. *N. O. & N. E. R. R. Co.,* 116 U. S. 352; *C., M. & S. P. Ry. Co.* v. *Becker,* 32 Fed. Rep. 849; *W., etc., Ry. Co.* v. *Illinois,* 118 U. S. 557.) The Mileage Book Law is constitutional. (*Munn* v. *Illinois,* 94 U. S. 113; *C., B. & Q. R. R. Co.* v. *Iowa,* 94 U. S. 155; *Peik* v. *C. & N. W. Ry.,* 94 U. S. 164; *C., M. & St. P. R. R. Co.* v. *Ackley,* 94 U. S. 179; *W. & St. P. R. R. Co.* v. *Blake,* 94 U. S. 180; *Stone* v. *Wisconsin,* 94 U. S. 181; *People ex rel.* v. *B. & A. R. R. Co.,* 70 N. Y. 571; *G. B. Co.* v. *Smith,* 128 U. S. 179; *B. E. S. R. R. Co.* v. *B. S. R. R. Co.,* 111 N. Y. 141; *People* v. *Budd,* 117 N. Y. 10, 11.) Commerce is not interstate when its terminals lie within the same state, irrespective of whether the carrying is all done within such state or not. (*Gibbons* v. *Ogden,* 9 Wheat. 1;

*Ratterman* v. *W. U. T. Co.*, 127 U. S. 411 ; *L. V. R. R. Co.* v. *Pennsylvania*, 145 U. S. 192.) All presumptions are in favor of the validity of an act of the legislature, and it is the duty of the courts to so interpret such acts as that they may be constitutional, if such interpretation is possible. (*N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 N. Y. 477 ; *Kerrigan* v. *Force*, 68 N. Y. 385 ; *Matter of N. Y. El. R. R. Co.*, 70 N. Y. 342 ; *Matter of Gilbert El. Ry. Co.*, 70 N. Y. 367 ; *People* v. *Comstock*, 78 N. Y. 356 ; *People* v. *Budd*, 117 N. Y. 29 ; *Curtin* v. *Barton*, 139 N. Y. 513 ; *Sage* v. *City of Brooklyn*, 89 N. Y. 196 ; *S. M. Co.* v. *M'Collock*, 24 Fed. Rep. 668 ; *Grenada County Suprs.* v. *Brogden*, 112 U. S. 268.)

CULLEN, J. This action was brought to recover the sum of $50 prescribed by chapter 1027 of the Laws of 1895, entitled " An act in relation to the issue of mileage books by railroad corporations," as a penalty for the defendants' refusal to issue to plaintiff a mileage book entitling the holder to travel one thousand miles on the lines of their road, as directed by that statute. The complaint alleged the incorporation of the defendant railroad company ; that on July 25th, 1893, the individual defendants were appointed receivers of the defendant corporation, and have ever since continued to operate its road ; that on July 8, 1895, the plaintiff tendered the defendants the sum of $20 and demanded that they issue to him a mileage book entitling him to travel one thousand miles in accordance with the provisions of the statute mentioned, and that the defendants refused to issue such book. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer having been overruled, the defendants, under leave given to them by the court for that purpose, served an answer by which, after reserving and insisting that the complaint did not state facts sufficient to constitute a cause of action, they set up several defenses which, for the disposition of this appeal, it is unnecessary to detail. By consent, the action was tried before the court without a jury. The trial court held

that the statute of 1895 embraced within its provisions only intra-state transportation and was a valid exercise of legislative authority, and rendered judgment for the plaintiff for the amount of the penalty.   The judgment was unanimously affirmed by the Appellate Division, and from the judgment of affirmance this appeal was taken.

There is very little for us to write in this case, for the decision of the Supreme Court of the United States in *Lake Shore & M. S. Ry. Co.* v. *Smith* (173 U. S. 684), rendered since the judgment of the Appellate Division, has practically foreclosed all discussion on the question of the constitutionality of statutes of the character of the one before us.   In that case, there was before the court for review a statute of the state of Michigan, which enacted that railroad companies within that state should keep for sale one-thousand-mile tickets valid for two years at the price of $20 in the Lower Peninsula and $25 in the Upper Peninsula.   The Supreme Court held, through PECKHAM, J., that the statute was not a valid exercise of the police power of the state, nor of the power of the state to establish maximum prices for the transportation of persons and property "but an arbitrary enactment in favor of the persons spoken of (those who were able or willing to purchase one-thousand-mile tickets) who, in the legislative judgment, should be carried at less expense than the other members of the community."   It was further held that such legislation was a violation of that part of the Constitution of the United States which forbids the taking of property without due process of law ; and, hence, invalid.   It is not necessary nor would it be profitable for us to review the discussion or argument by which that result was reached.   It is sufficient for us to recognize the point of the decision and that the decision is binding upon us.   The statute before us cannot be differentiated in principle, and hardly in detail, from that decided by the Federal court to be in violation of the Constitution of the United States.   The provisions of the Constitution of Michigan differ from those of the Constitution of this state.   But the case cited was taken to the Supreme

Court of the United States on appeal from a judgment of the state court. Whether the statute was in conflict with the State Constitution or not presented no question of a Federal nature, but one which it was not within the power of the Supreme Court to review, and so it is stated by Justice PECKHAM. The case did present another Federal question, whether the statute had impaired the obligation of any contract entered into between the state and the railroad company. That question was not considered, and the decision proceeded solely on the ground that the statute was an illegal invasion of the property rights of the company. In obedience to the law, as declared by the Supreme Court of the United States, we must hold the statute of 1895 is invalid as to corporations existing at the time of its enactment.

The learned counsel for the respondent urges that the objection upheld in *Lake Shore, etc.,* v. *Smith* was not taken or raised in this case in the courts below. We think this claim is untenable. It is conceded by the respondent that the appellants, in their attack on the sufficiency of the complaint, did object that the statute was in contravention of both the Federal and State Constitutions, in that it took the defendants' property without due process of law, but he asserts that the reasoning by which the Supreme Court arrived at its decision in the case cited was not presented. It was enough that the defendants called the attention of the court to the constitutional provision which it was claimed the statute contravened; the reasoning or argument by which that claim was attempted to be supported is immaterial and would differ in different minds.

The judgment should be reversed and the complaint dismissed, with costs in all of the courts.

VANN, J. This case is necessarily governed by the principles laid down by the Supreme Court of the United States in *Lake Shore & M. S. Ry. Co.* v. *Smith* (173 U. S. 684). While I do not yield assent to the reasoning of that great court in that case, I am compelled to yield to its power and vote for reversal, but not for a dismissal of the complaint.

As the action of the courts below was in accordance with
the law of this state as it was, apparently if not actually, when
they acted, the reversal should be with leave to the plaintiff
to apply at Special Term for permission to discontinue with-
out costs, on the ground that the further prosecution of the
action has been made impossible by a controlling decision not
rendered by a court of this state. (*De Barante* v. *Deyer-
mand*, 41 N. Y. 355; *Cole* v. *Rose*, 65 How. Pr. 520; *Well-
ington* v. *Claason*, 9 Abb. Pr. 175; *Winans* v. *Winans*, 6 N.
Y. S. R. 813; *Honeywell* v. *Burns*, 8 Cow. 121; *Hart* v.
*Storey*, 1 Johns. 143; *Merritt* v. *Arden*, 1 Wend. 92; *Van
Buren* v. *Fort*, 4 Wend. 209; *Lackey* v. *M'Donald*, 1 Cai.
116; *Labron* v. *Woram*, 5 Hill, 373; *Camp* v. *Gifford*, 7
Hill, 169.)

PARKER, Ch. J., GRAY, BARTLETT, MARTIN and WERNER,
JJ., concur with CULLEN, J.; VANN, J., concurs in result in
memorandum.

Judgment reversed, etc.