This case is necessarily governed by the principles laid down by the Supreme Court of the United States in Lake Shore M.S.Ry. Co. v. Smith (173 U.S. 684). While I do not yield assent to the reasoning of that great court in that case, I am compelled to yield to its power and vote for reversal, but not for a dismissal of the complaint. *Page 235 
As the action of the courts below was in accordance with the law of this state as it was, apparently if not actually, when they acted, the reversal should be with leave to the plaintiff to apply at Special Term for permission to discontinue without costs, on the ground that the further prosecution of the action has been made impossible by a controlling decision not rendered by a court of this state. (De Barante v. Deyermand, 41 N.Y. 355;Cole v. Rose, 65 How. Pr. 520; Wellington v.Claason, 9 Abb. Pr. 175; Winans v. Winans, 6 N.Y.S.R. 813;Honeywell v. Burns, 8 Cow. 121; Hart v. Storey, 1 Johns. 143; Merritt v. Arden, 1 Wend. 92; Van Buren v. Fort, 4 Wend. 209; Lackey v. M'Donald, 1 Cai. 116; Labron v.Woram, 5 Hill, 373; Camp v. Gifford, 7 Hill, 169.)
PARKER, Ch. J., GRAY, BARTLETT, MARTIN and WERNER, JJ., concur with CULLEN, J.; VANN, J., concurs in result in memorandum.
Judgment reversed, etc.