consideration by the devise of the property to Mary, and her enjoyment of it. The doctrine of Lawrence v. Fox and kindred cases has no application. That was an action at law to enforce a promise made by one party to another for the benefit of a third person. This is an action in equity for the specific performance of a contract, and, in effect, to impress a trust in favor of the parties hereto upon the property which came to Mary L. Everdell, and was devised by her. The principles applicable in such a case and that of Lawrence v. Fox are entirely dissimilar. I think, therefore, that the judgment should be affirmed.

O'BRIEN, J., concurs.

(33 Misc. Rep. 738.)

### PETTY v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. January 29, 1901.)

1. VOLUNTARY DISMISSAL—DISCRETION.

The exercise of judicial discretion as to the allowance of plaintiff's motion for a discontinuance without costs depends on a sufficient excuse in the instituting of the suit, or the occurrence of circumstances since its commencement which equitably entitles him to a discontinuance.

2. SAME.

Plaintiff in an action for personal injuries, brought in the municipal court and removed to the city court on defendant's application, is not entitled to a dismissal without payment of costs on the ground that he is in reduced circumstances.

Appeal from special term.

Action by Minnie Petty against the Metropolitan Street-Railway Company. From an order granting plaintiff leave to discontinue the action without costs, defendant appeals. Reversed.

Argued before McCARTHY and SCHUCHMAN, JJ.

Henry A. Robinson, for appellant.
W. D. Birdsall, for respondent.

SCHUCHMAN, J. The action was one to recover judgment for personal injuries alleged to have been sustained by the plaintiff, and was brought in the municipal court to recover $500 damages. Upon the return day the defendant moved for an order removing the cause of action to the city court, the defendant at that time furnishing a bond in twice the amount claimed by the plaintiff. The plaintiff then moved at special term in the city court to increase the amount of damages to $2,000. Subsequently thereto she made this motion for leave to discontinue this action without costs, and her motion was granted. The plaintiff and respondent asks for an affirmance of the order, and relies on the case of De Barante v. Deyermand, 41 N. Y. 355, which case was an action at law to recover $3,100. The answer was a general denial. After the issues were referred to a referee to hear and determine, and after one or two appointments, the plaintiff made a motion to discontinue without costs on the ground that the defendant's attorney told the plaintiff's counsel at the last appointment that he had a release of the claim. Such release was not set up in the answer, and it was not alleged on the motion that it was to be

set up. The special term ordered a discontinuance without costs, which order the court of appeals affirmed. In Staiger v. Schultz, *42 N. Y. 614, Judge Bockes, in his opinion, says:

"It has always been the practice to permit actions to be discontinued, in the discretion of the court, without costs, even in suits at law where the defendant had obtained a discharge under the insolvent laws, and in many other cases. Such permission existed as a matter of practice, resting in the discretion of the court, and could not be overruled on appeal. I am of the opinion, for the reasons stated, that this appeal should be dismissed."

Respondent also relies upon the case of Hoffman v. Ridley, 4 Civ. Proc. 41, which was a case brought by an infant, by her guardian ad litem, to recover damages for personal injuries alleged to have been received through the negligence of a servant of the defendant. The plaintiff was required to pay into court $250, or file an undertaking in that amount to secure costs. She was unable to do so. Held, that the court had the power to order a discontinuance of the action without costs, inasmuch as the question rested in the sound discretion of the court, and that the case was an eminently proper one for the exercise of such power.

The appellant relies for a reversal of the order upon the cases of Kenna v. Steamship Co., 19 Abb. N. C. 265, and Layman v. Bank-Note Co. (Super. N. Y.) 20 N. Y. Supp. 431. It seems to me that the exercise of judicial discretion as to allowance of discontinuance of an action without costs depends upon a sufficient excuse in the instituting of the suit, or the occurrence of circumstances since the commencement of the suit which equitably entitle the plaintiff to a discontinuance. The reason given by plaintiff for a discontinuance of the action without costs is set forth in the moving affidavit as follows:

"That this action was brought in a municipal court not because the maximum amount recoverable there is compensatory with the plaintiff's injuries, but because plaintiff was in reduced circumstances, and felt the necessity of obtaining some compensation for her injuries as soon as possible, in order to enable her to pay her doctor's bill and other obligations incurred in consequence thereof; plaintiff hoping to obtain speedy justice, if not full compensation. It was merely this: that a less sum speedily obtained was more to the plaintiff, considering her reduced circumstances, than a greater sum a considerable time hence."

This is insufficient. The defendant did nothing but what law and practice permitted and prescribed, and the plaintiff knew of those provisions when she brought her action. The courts are not dispensing charities, but justice.

In Hoffman v. Ridley, supra, the discontinuance was granted without costs because the guardian ad litem of the infant plaintiff was required to give $250 security for costs, which he was unable to give; and because, the plaintiff suing for another, a failure to give the directed security would have ended the suit by a dismissal. But in the case at bar, although plaintiff is in reduced circumstances, she can continue her suit; moreover, she can apply to sue in forma pauperis.

Order appealed from reversed, and motion for leave to discontinue without costs denied, without costs.

McCARTHY, J., concurs.