compelled to come here. Mr. Justice Bischoff, speaking for this court in Flanagan v. Callanan, 22 Misc. Rep. 139, 48 N. Y. Supp. 708, said:

"With regard to the questions of the appellant's practice there seems to be no statutory provision authorizing this court to grant a new trial upon newly-discovered evidence when the appeal is taken from the judgment, and generally evidence is to be received upon appeal only for the purpose of sustaining a judgment, never for the purpose of reversing it. It would seem, also, that the justice below would have been without power to grant the motion for a new trial upon this ground, since, after judgment was rendered upon litigated issues, his jurisdiction extended only to a motion upon the grounds specified in section 999 of the Code."

It is true the opinion proceeded, "It may be that this court should seek authority to relieve a party thus situated in a proper case," and we do not now pass upon that proposition, for we are of opinion that the case at bar is not one in which we should seek that authority. The evidence tendered is at most cumulative, and no satisfactory reason is offered why it was not produced upon the trial, and, if tendered, it is not of such a character that we can see that it would have altered the result.

Judgment affirmed, with costs, and motion denied, with $10 costs. All concur.

---

(34 Misc. Rep. 517.)

### PETTY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.  April 8, 1901.)

APPEAL—To SUPREME COURT—FROM CITY COURT, GENERAL TERM—LEAVE TO DISCONTINUE WITHOUT COSTS.

  Under Code Civ. Proc. § 3191, providing that an appeal may be taken to the supreme court from an actual determination made by the city court of the city of New York in certain cases, the supreme court has no power to review an order of the general term of the New York city court reversing an order of the special term granting plaintiff leave to discontinue an action without costs, since the allowance of costs in the first instance was discretionary, and no substantial right was involved.

Appeal from city court, general term.

Action by Minnie Petty against the Metropolitan Street-Railway Company. From an order of the general term (68 N. Y. Supp. 730) reversing an order of the special term granting plaintiff leave to discontinue the action without costs, plaintiff appeals. Appeal dismissed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

V. D. Birdsall, for appellant.
Henry A. Robinson, for respondent.

PER CURIAM. This is an appeal from an order of the general term of the city court reversing an order of the special term granting leave to the plaintiff to discontinue the action without costs. The allowance of costs in the first instance being discretionary, and no substantial right being involved, this court is without power to review the order below. Code, § 3191; De Barante v. Deyermand,

41 N. Y. 355; Martin v. Hotel Co., 70 N. Y. 101; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687.

Appeal dismissed, with costs.