## SUSMAN v. DANGLER.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. COUNTY COURTS—DISCONTINUANCE—TERMS—DISCRETION.

     On an application to the County Court for leave to discontinue an action, the terms on which the motion shall be granted are within the discretion of the court.

2. SAME—COSTS.

     Where plaintiff applied to the County Court for leave to discontinue, it was not error for the court to grant the motion on payment of $25 costs, instead of requiring plaintiff to pay all the taxable costs of the action to the date of the motion.

Appeal from Kings County Court.

Action by Helen Susman against William Dangler. From an order granting plaintiff leave to discontinue on payment of costs imposed, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edward Hymes, for appellant.

Jacob C. Brand, for respondent.

HOOKER, J. The plaintiff brought her action in the County Court, and was met by a motion which resulted in an order directing her to file security for costs within five days after service of the order upon her, and directing that all proceedings on her part be stayed. Upon her failure, and after she was in default two months in filing the security, the defendant made a motion to dismiss her complaint, with costs of the action and of his motion. Upon an order to show cause, the plaintiff thereafter moved for leave to discontinue the action, after tendering to the defendant's attorney $10 costs, and a stipulation of discontinuance, which the latter refused to sign. Both motions were heard by the County Court at the same time, and resulted in the order appealed from, which denied, without costs, the motion to dismiss the complaint, and directed that leave be granted to the plaintiff to discontinue upon the payment of $25 within 10 days after service of a copy of the order. The defendant has appealed, and urges upon us that, inasmuch as the case was an action at law, plaintiff could discontinue only upon payment of all the taxable costs to the date of the motion. This Appellate Division, however, in National Wall Paper Co. v. Szerlip, 9 App. Div. 206, 41 N. Y. Supp. 376, has held the contrary. It is there said:

"The terms or condition on which the plaintiff's application should be granted was addressed to the discretion of the County Court, and, leave

---

¶ 1. See Dismissal and Nonsuit, vol. 17, Cent. Dig. § 70.

being given to discontinue the action, the defendant's right to costs was derived. from the order. Overton v. Nat. Bank of Auburn, 3 N. Y. St. Rep. 169; De Barante v. Deyermand, 41 N. Y. 355. While it may be usual to require the payment of all accrued costs, as a condition of allowing the discontinuance of an action on plaintiff's application, there may be cases where reasons appear to the court for imposing more moderate terms as to costs."

The order should be affirmed, with costs. All concur.