SCHNABEL v. HANOVER NAT. BANK.

(City Court of New York, Special Term.  March, 1913.)

COSTS (§ 153*)—DISCONTINUANCE IN PART—DISCRETION OF COURT.
    Where plaintiff moved to vacate an order for a commission and to discontinue 7 of his 11 alleged causes of action, brought in reliance on the constitutionality of an act increasing the jurisdiction of the City Court from $2,000 to $5,000, on the ground that the act had been declared unconstitutional by the Court of Appeals, defendant, who had interposed but one answer to the several causes of action, was entitled, on the allowance of such discontinuance, to costs in a sum not exceeding $10.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 581, 592-595; Dec. Dig. § 153.*]

Action by Richard A. Schnabel against the Hanover National Bank of the City of New York. Motion by plaintiff to discontinue, without costs, 7 of 11 causes of action, and for vacation of an order for issuance of a commission. Motion granted.

See, also, 137 N. Y. Supp. 725.

Bernard J. Douras, of New York City, for plaintiff.
Hirsch, Scheuerman & Limburg, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FINELITE, J. The plaintiff moves this court by motion why an order should not be granted permitting them to discontinue, without costs, the first, second, third, eighth, ninth, tenth, and eleventh causes of action alleged in their complaint, and also to vacate an order which had heretofore been granted on December 3, 1912, for the issuance of a commission. The herein complaint, as served upon the defendant, contained 11 separate and distinct causes of action. The defendant herein opposes the motion, unless he receives, as a condition for allowing the plaintiff to discontinue said causes of action $10 costs for each cause of action in said complaint alleged.

The reason asserted by the plaintiffs for their desire to discontinue the 7 causes of action is that the Court of Appeals had held, in Lewkowicz v. Queen Aëroplane Co., 100 N. E. 796 (decided January 28, 1913), that the Legislature, under article 6, § 18, of the Constitution of the state of New York, was unauthorized to increase the jurisdiction of this court from $2,000 to $5,000. It is true that the plaintiff relied upon the constitutionality of the act, and thereupon brought its suit involving more than $2,000. Defendant was obliged to defend the action by interposing its answer. It is no fault of the plaintiff that the Court of Appeals had declared the act unconstitutional; but as there was one complaint, with several causes of action therein embodied, and as the defendant has interposed one answer, denying the several causes of action as alleged in said complaint, the defendant would be entitled to a sum not exceeding $10 costs. And, as it has been said in Susman v. Dangler, 95 App. Div. 158, 88 N. Y. Supp. 527:

"The plaintiff in an action at law is not invariably obliged, as a condition of being permitted to discontinue the action, to pay all the taxable costs to the date of the motion, but only such costs as the court in its discretion sees fit to impose, and while it may be usual to require the payment of all accrued costs to the day of allowing the discontinuance of an action on plaintiff's application, there may be cases where reasons appear to the court for imposing more moderate terms as costs." Overton v. Nat. Bank of Auburn, 3 N. Y. St. Rep. 169; De Barante v. Deyermand, 41 N. Y. 355.

Motion granted upon payment of $10 costs. Settle order on one day's notice.