Bentley Kassal, J.
The letter from plaintiff’s attorney dated August 12, 1970 is being treated as an application for reargument, which is granted. There are two issues raised therein: (1) Does a resident defendant have the right to interpose a counterclaim without waiving the affirmative defense of no jurisdiction over the person of the defendant? (2) Does the court have the right to impose discretionary nonstatutory costs as a condition to the discontinuance of an action against a codefendant?
I decide both questions in the affirmative.
In my original decision, I had granted summary judgment to ■plaintiff, conditioned upon a finding to be made at a traverse hearing that proper personal service had been effected, since the answer contained various defenses, including the objection of no personal jurisdiction under CPLR 3211 (subd. [a], par. 8) and a counterclaim.
Plaintiff contends that, since the defendant interposed a counterclaim, this operated as a waiver of the affirmative defense of no personal jurisdiction under CPLR 3211 (subd. [a], par. 8). The plaintiff claims “ where a defendant appears and interposes a counterclaim, in addition to raising the question of juris'diction, the pressing of the counterclaim and demand for affirmative judgment in favor of the defendant will vitiate the limited appearance.” The only authority cited for this position is “ the *719 discussion in McKinney’s Civil Practice Law and Buies, Section 320 and the supplementary practice commentary by Joseph M. McLaughlin following the text of the statute (page 232 of the Pocket Part).”
I disagree with this contention, and the above commentary is irrelevant since the 1969 amendment to CPLB 320 (subd. [c]) relates to a new concept of ‘1 limited appearance ” in a situation where jurisdiction had been obtained by attachment of an asset belonging to a nonresident. Beference need only be made to the language itself to reach this conclusion: “ (c) When appearance confers personal jurisdiction in certain actions; limited appearance. When the court’s jurisdiction is not based upon personal service on the defendant, an appearance is not equivalent to personal service ” (emphasis added).
The commentary by Professor McLaughlin and the cases therein cited all explicitly refer to “limited appearance ” and jurisdiction over a nonresident obtained only through attachment of an asset.
The pleading of a counterclaim with an affirmative defense of lack of jurisdiction is not a submission by the defendants to the jurisdiction of the court. (Katz & Son Billiard v. Correale & Sons, 26 A D 2d 52, affd. 20 N Y 2d 903.)
There is another critical reason; namely that it would be patently unfair and illogical to compel a resident defendant to elect between a defense of no personal jurisdiction and a counterclaim. This would be the result if plaintiff’s position were followed.
In regard to the second issue of discretionary costs, the plaintiff claims that the only costs which may be imposed by the court are those fixed by statute. I disagree and hold that the imposition of costs in the instance of a voluntary discontinuance rests in the discretion of the court, and it may impose such conditions as it deems appropriate under the circumstances. (De Barante v. Deyermand, 41 N. Y. 355; Petty v. Metropolitan St. Ry. Co., 34 Misc. 517; Gilman v. Katz, 175 N. Y. S. 480; National Wall Paper v. Szerlip, 9 App. Div. 206; Susman v. Dangler, 95 App. Div. 158.) See, also, Tripp, Guide to Motion Practice (rev. ed., p. 309): “ In the last analysis, the rule regarding costs or other terms as a condition for a discontinuance is not 1 one absolutely of law, or resting in absolute legal right. The question of costs * * * rests upon the action of the courts, depending very much upon discretion.’ ”
In the instant case, plaintiff sues for legal fees based upon services rendered for tax abatement and exemption proceedings, all pursuant to a written agreement. The retainer agreement, *720 prepared by plaintiff on its letterhead, is solely with defendant Feldcos Realty Corp., and it was signed by a corporation officer. Nevertheless, plaintiff joined the individual principal of Feldcos Realty Corp. as a codefendant. The plaintiff, as part of the relief it seeks in conjunction with this motion for summary judgment, seeks permission to discontinue the action against the individual codefendant. It appears that the only reason for such joinder in the first instance was harassment, and this is not to be condoned. If there had been the slightest doubt as to who the proper party defendant or defendants are, I would not impose any discretionary costs as a condition to a discontinuance. However, there appears to be no doubt that the corporate defendant is the sole responsible party in this complaint under this agreement. Therefore I reaffirm the permission previously granted to plaintiff to discontinue against the individual defendant upon the payment of discretionary costs in the sum of $100.
As to any statutory costs, these will be determined by the Judgment Clerk in normal course upon the entry of judgment.
Therefore upon this reargument, the original determination is adhered to.